## KNOWLES *v.* THE STATE.

GILBERT, J. 1. The court did not err in overruling the demurrer. Every indictment will be deemed sufficiently correct which states the offense in terms and language of the Code, or so plainly that the nature of the offense charged may be readily understood by the jury. Penal Code (1910), § 954. One of the qualifications essential to performance of jury duty is that the juror shall be upright and intelligent. An ordinarily intelligent juror would easily understand the charge made in this indictment. It is generally known that strychnine is a deadly poison and calculated to destroy human life. Nor would an ordinarily intelligent juror fail to understand, from the language in the indictment respecting the administering of the strychnine and other deadly poison through the mouth, that it was being charged that defendant caused the victim to take the same into her stomach.

2. It was not error to admit in evidence the testimony complained of in grounds 1 and 3. The conversation had between the physician and the defendant was admissible, with the other evidence, to illustrate motive. The testimony of the other witness appears to be of little probative value, but we do not think it could have been injurious to the defendant.

3. The testimony referred to in the second ground was merely the expression of an opinion, and its exclusion was not erroneous.

---

Criminal Law, 16 C. J. p. 514, n. 78; p. 747, n. 47; p. 874, n. 99; 17 C. J. p. 317, n. 10.

Homicide, 30 C. J. p. 104, n. 29, 35; p. 185, n. 4.

Indictments and Informations, 31 C. J. p. 660, n. 93.

4. There having been no objection to the testimony complained of in the fourth ground, at the time it was rendered, it was not error to.admit it.

5. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

No. 6385.    MARCH 15, 1928.

Murder.    Before Judge Park.    Putnam superior court.    November 28, 1927.

The material portions of the indictment are as follows: "The grand jurors . . charge and accuse, by special presentment, Sam Knowles with the offense of murder; for that the said accused, in the county aforesaid, on the 29th day of January, 1927, with force and arms, did unlawfully, wrongfully, and with malice aforethought kill and murder one Mary Morrison Knowles, a human being, in the peace of the State then and there being, by then and there giving, administering, and causing the said Mary Morrison Knowles to take, through her mouth, poison, to wit, strychnine sulphate; and by giving, administering, and causing the said Mary Morrison Knowles to take a certain poisonous substance to the grand jurors unknown, thereby causing the said Mary Morrison Knowles to die; contrary to the laws of said State," etc. The defendant demurred on the grounds that the indictment was too vague and indefinite for him to know how to defend; that it set out no crime; that it failed to allege strychnine sulphate to be a deadly poison or one likely to destroy human life; that it failed to allege that the strychnine sulphate or other poison unknown to grand jurors was taken into the stomach of deceased; that it did not allege the time and place where it was administered, or that the other poisonous substances to the grand jury unknown were likely to produce death, or the amount of poison alleged to have been administered. The court overruled the demurrer, and the defendant excepted. The jury returned a verdict of guilty, with a recommendation to the mercy of the court. The defendant's motion for a new trial was overruled, and to that judgment also he excepted.

In special grounds 1 and 3 of the motion error is assigned upon the admission in evidence of conversations testified to by two witnesses as having taken place between them and defendant, over objection upon grounds of irrelevancy and tendency to prejudice the jury against the defendant. Dr. Griffin, family physician of

the Knowles, testified in substance as follows: "In the conversation I had with Mr. Knowles at the garage, I told Sam that his wife had requested that I talk to him about these matters, . . and that there had been gossip; that his wife had heard them and was awfully upset and perturbed about his conduct, that he was drinking too much, which was making his wife unhappy and would break up his home; that he had been chasing around with another woman, and I wanted to warn him that he ought to straighten up and behave himself; that the gossip might be exaggerated, but it would continue to grow; that when there was some ground for it and a man's wife heard of it, she was made very unhappy, that he ought to spend more of his money and time at home instead of at other quarters; and that his wife had decided that if he did not do so she was going to the other woman and talk to her and her father about it; and the defendant said he hadn't done anything, that there had been a whole lot of talk, and he was going to put a stop to it." A. J. Walton testified that he carried defendant and family to the cemetery and brought them back; that defendant's brother had asked him to talk to defendant; that he told defendant he would have to quiet down and be father and mother both to his children and stay at home closer; and that defendant said he would do so. In the second ground of the motion it is complained that the court refused to permit the physician, on cross-examination, to answer affirmatively the question as to whom the defendant referred when he said he was going to put a stop to the alleged gossip, the query being whether defendant meant "those folks who were creating the gossip." The court excluded this as a mere opinion of the witness as to whom the defendant referred in his conversation. The fourth ground assigns error upon the court's permitting another witness to testify that he sat up with the dead body of defendant's wife the night following her death, that defendant and another man laughed and joked, and that witness did not think it was right. A note by the court states that no objection to this testimony was offered when it was given.

    *R. C. Jenkins, E. R. Lambert,* and *T. A. Wallace,* for plaintiff in error.

    *George M. Napier, attorney-general, Joseph B. Duke, solicitor-general, T. R. Gress, assistant attorney-general,* and *E. T. Dumas,* contra.