29757. COLE v. THE STATE.

180

*Joseph Nixon Rainey, Joe Quillian,* for plaintiff in error.
*Hope D. Stark,* solicitor-general, contra.

MacIntyre, J. The defendant was indicted for murder and convicted of involuntary manslaughter in the commission of an unlawful act. He moved for a new trial, and to the overruling of his motion he excepted.

1. The defendant filed a demurrer and a plea in abatement, both of which sought to attack the indictment on the ground that "certain persons who found the bill against the defendant were not persons who had their names in the grand jury box and on the list of the grand jurors of this county, namely, J. W. Carrington, H. R. Raniday, and R. P. Auston, and without their names there were only 17 grand jurors who returned the indictment." We will consider these questions in inverse order. We will first consider the plea in abatement. The evidence on the trial of the plea showed that the names, R. P. Austin, H. R. Kennedy, and J. W. Carrington Jr., inscribed on the indictment, were misspelled; that is, the clerk of the grand jury misspelled the name "Austin" and wrote it "Auston;" that he mispelled "Kennedy" and spelled it "Canady," and then wrote "K" over the "C" so that to some it might look like an "R;" and that the clerk of said grand jury did not add "Jr." after the name of J. W. Carrington. The presumption is that the grand jury was legally constituted. Where, as here, the names so nearly corresponded, and the evidence showed that the persons who actually served as grand jurors were the individuals designated by the jury commissioners as grand jurors, and were registered on the list as competent to serve, the mere wrong spelling of the names

by the clerk of the grand jury as above indicated, which were slight inaccuracies, should be passed by as immaterial. "The important question is, did the men chosen as grand jurors act and find the bill true? Are those who found the charge true identical with those who were drawn to pass upon the charge? The question is not so much *idem sonans* as it is *idem persona*." *Reich* v. *State*, 63 *Ga.* 616; *Hayes* v. *State*, 58 *Ga.* 35; *Turner* v. *State*, 78 *Ga.* 174, 180; *Chapman* v. *State*, 18 *Ga.* 736, 738.

Under the uncontradicted evidence in the instant case the mere fact that the names of the grand jurors were misspelled does not render the direction of the verdict against the plea in abatement erroneous when it appears that the misspelling of the names was immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and all the legitimate inferences therefrom, the verdict against him is demanded. *Eason* v. *Joy Floral Co.*, 34 *Ga. App.* 501 (2) (130 S. E. 352).

2. The judge overruled the demurrer on the ground that it was a speaking demurrer. "A speaking demurrer is one which alleges some new matter, not disclosed by the pleading [indictment] against which the demurrer is aimed and not judicially known or legally presumed to be true. Such a demurrer presents no question for decision, and should never be sustained." *Miller* v. *Southern Ry. Co.*, 21 *Ga. App.* 367 (3 a) (94 S. E. 619); *Clarke* v. *East Atlanta Land Co.*, 113 *Ga.* 21, 27 (38 S. E. 323); *Williams* v. *Seaboard Air-Line Ry. Co.*, 165 *Ga.* 655, 664 (141 S. E. 805). But the defendant says his demurrer may be predicated upon what is judicially known, without asserting the fact to exist, but may treat it as existing. Mutual Building & Loan Asso. *v.* Moore, 232 Ala. 488 (169 So. 1). Yet to do this the court must take judicial cognizance that the name of the person appearing as one of the grand jurors on the indictment was not the name of a person who was on the grand jury list of the county, and in the instant case the court did not err in refusing to take judicial knowledge that such a fact existed. The case here is a good illustration of why the judge was correct. "Facts judicially noticed are thereby presented as effectually to the court as if they had been established by the proper proof." 24 C. J. 172 (97). In the instant case the court should not have taken

judicial knowledge that such facts were true or existed on the theory that it knew them to be true, when in truth such facts did not exist, and upon a proper issue later made by the plea in abatement it was developed that the very things the defendant wished the court to treat as true or existing, were, upon the evidence properly introduced under such pleading, found and declared by the court not to be true. The demurrer could not be predicated on what is judicially known without asserting such facts to exist. Hence, the demurrer which alleged facts that did not otherwise appear in the pleadings was a speaking demurrer, and the court properly refused to consider it on the basis of these facts.

3. The indictment alleged that the killing was done with malice aforethought, subsequently alleged specific unlawful acts, and then further alleged, "and, while so doing, as a natural consequence of the unlawful acts, the accused J. H. Cole, without any intention to do so, killed and murdered one Mrs. H. L. Hudson, a human being, so that as a result of said unlawful, wanton and reckless operation of said automobile by J. H. Cole, said automobile driven and operated by J. H. Cole, being a weapon likely to produce death, was then and there driven by accused into, upon and against the automobile in which the said Mrs. H. L. Hudson was riding as aforesaid, thereby killing and murdering the said Mrs. H. L. Hudson." It was not subject to the demurrer "that while said indictment undertakes to charge the offense with murder against J. H. Cole and alleges malice in the commission of a homicide, it distinctly expresses negative matters by alleging that the said J. H. Cole had no intention of killing the person alleged to have been killed by him. The said indictment reading, 'Without any intention to do so killed and murdered one Mrs. H. L. Hudson.' " The Code, § 26-1002, provides: "Murder is the unlawful killing of a human being, in the peace of the State, by a person of sound memory and discretion, with malice aforethought, either express or implied." In *Jones* v. *State*, 185 *Ga.* 68, 70 (194 S. E. 216), Justice Grice, speaking for the court, said: "Ordinarily the killing of a human being without any intention to do so, but in the commission of an unlawful act, is voluntary manslaughter (Code, § 26-1009); but that section contains a proviso in these words: 'Provided, that

where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, ·. . the offense shall be deemed and adjudged to be murder.'" In *Wright* v. *State,* 166 *Ga.* 1, 4 (141 S. E. 903), Justice Atkinson, speaking for the court, said: "There can be no murder without *malice express* or *implied.* If an indictment does not allege *malice* in express terms, it must do so by employment of equivalent words. *Gates* v. *State,* supra. The proviso in section 67 [§ 26-1009] is founded on the principle of implied malice, and does not dispense with necessity of expressly alleging implied malice or its equivalent in an indictment for murder. If it did so, it would conflict with section 60 [§ 26-1002]; and it should not be so construed." It seems to us that the allegations in the indictment seeking to charge murder did not fail to comply with the provisions of the Code, §§ 26-1002, and 26-1009, for the reason assigned in the demurrer; and the judge did not commit reversible error in overruling this the second demurrer.

The verdict of involuntary manslaughter in the commission of an unlawful act was authorized by the evidence.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*