### 35215. WALTERS *v.* THE STATE.

DECIDED JULY 8, 1954.

*Barrett & Hayes, Clinton Cox, Otis C. Bell,* for plaintiff in error.
*Paul Webb, Solicitor-General, Charlie O. Murphy,* contra.

GARDNER, P. J. Paragraphs 3, 4, 8, 9, and 11 of the defendant's demurrers of November 23, 1953, quoted above, are speaking demurrers and present no legal authority for quashing the indictment. In *Cole* v. *State,* 68 *Ga. App.* 179 (22 S. E. 2d 529), this court said: "A speaking demurrer is one which alleges some new matter, not disclosed by the pleading [indictment] against which the demurrer is aimed and not judicially known or legally presumed to be true. Such a demurrer presents no question for decision, and should never be sustained." See also *Arthur* v. *State,* 146 *Ga.* 827 (2) (92 S. E. 637). In *Jackson* v. *State,* 64 *Ga.* 344 (1), the Supreme Court said: "An indictment is not demurrable for any matter dehors the pleadings and the record." See also *Walker* v. *State,* 73 *Ga. App.* 20, 21 (35 S. E. 2d 391). These demurrers have no merit in view of the authorities cited.

Regarding ground 1 of the demurrer, this court held in *Wells* v. *State,* 44 *Ga. App.* 760 (1) (162 S. E. 835), as follows: "The essential elements of the offense of involuntary manslaughter in the commission of an unlawful act are, first, the intentional commission of an unlawful act, and, second, the killing of a human being without having so intended, but as the proximate result of such intended act."

This court held in *Hayes* v. *State,* 11 *Ga. App.* 371, 375 (75 S. E. 523), as follows: "An unlawful act within the meaning of our statute [26-1009] is an act prohibited by law, that is to

say, an act condemned by some statute or valid municipal ordinance of this State." This position of the defendant, as set forth in ground 1 of the demurrers, is without merit.

Paragraph 2 of the demurrer as amended attacks the validity of the ordinances involved under this record, alleging that such ordinances are unconstitutional because such ordinances violate article I, section IV of the Constitution of Georgia. There is no conflict or inconsistency between the legislative acts limiting the speed of automobiles and the ordinances here in question. There is nothing to the contrary in *Jenkins* v. *Jones,* 209 *Ga.* 758 (75 S. E. 2d 815), or in *Giles* v. *Gibson,* 208 *Ga.* 850 (69 S. E. 2d 774), or in *Bibb County* v. *Garrett,* 204 *Ga.* 817 (51 S. E. 2d 658), or in *Snipes* v. *Houlihan,* 81 *Ga. App.* 492 (59 S. E. 2d 253). See *Sims* v. *Martin,* 33 *Ga. App.* 486, 488 (10) (126 S. E. 872), wherein it is said: "The ordinance of a city penalizing a less speed than is penalized by the statute of the State is merely supplemental to the statute." We might also mention here that the legislative acts regulating the speed of motor vehicles within the State specifically authorize municipalities to regulate traffic within the municipal limits. See Code §§ 68-301, 68-303, and 68-312. The decisions of *Gore* v. *State,* 79 *Ga. App.* 696 (54 S. S. E. 2d 669), *Lancaster* v. *State,* 83 *Ga. App.* 746 (64 S. E. 2d 902), and *Howard* v. *State,* 151 *Ga.* 845 (108 S. E. 513) are not contrary to what we are here holding.

We have read this indictment carefully in the light of the general and special demurrers of the defendant, and wish to state that it is well drawn. It correctly and distinctly sets forth the offense of involuntary manslaughter in the commission of an unlawful act. The ordinances in question are clear and specific. We know of no other municipality which has better marked street intersections than the City of Atlanta. The contentions of the defendant that the city officials delegated its ordinance-enacting powers to the traffic engineer are not meritorious. He was but marking for the city, under power given by a valid ordinance, said traffic signs under the direction of the city officials. None of the general or special demurrers is clothed with any merit, and the trial court properly overruled them.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*