# 35704.   HUGHES *v*. THE STATE.

Decided June 15, 1955.

*Christopher, Futral, Owen & Bolton,* for plaintiff in error.
*Hugh Sosebee, Solicitor-General,* contra.

GARDNER, P. J. Counsel for the defendant call our attention to *Locke* v. *State,* 3 *Ga.* 534, 539. It is plain from reading that case that the only issue there was that under the bastardy statute, an indictment which fails to allege that the accused was the father of the child, was fatally defective; that issue has nothing to do with the facts in the instant case. Our attention is called to *Franklin* v. *State,* 85 *Ga.* 570, 572 (11 S. E. 876). The only question involved in that case was, that the accused had been indicted for a simple assault, and after he had been put in jeopardy, the State without the consent of the accused entered a nolle prosequi on that indictment and reindicted the accused on the same state of facts for aggravated assault. The court held that, since the first charge for simple assault was nol. prossed after the defendant had been put in jeopardy, and that charge for simple assault was nol. prossed without the consent of the accused, the accused could not be indicted, tried, and convicted of an aggravated assault because it was the same transaction. Our attention is called to *Johnson* v. *State,* 90 *Ga.* 441 (16 S. E. 92). The indictment in that case was held insufficient because it did not set out the manner in which the poison was used. Neither of the above-cited cases has any application to the instant indictment. Counsel for the defendant take up in detail and argue for their contentions that the indictment in the instant case was insufficient as a matter of law. They call our attention specifically to that portion of the indictment which alleges that the automobile in question was a deadly weapon. In support of this contention, they call our attention to *Huntsinger* v. *State,* 200 *Ga.* 127, 134 (36 S. E. 2d 92). During the course of its opinion the Supreme Court in that case stated: "An automobile is not per se

a deadly weapon." In that case the defendant was charged with murder. The court held that, since an automobile was not per se a deadly weapon, malice, the deliberate intent unlawfully to take human life, will not be presumed as a matter of law. The defendant was convicted of murder, and the Supreme Court reversed the case, we think, properly. Counsel for the defendant call our attention to *Henderson* v. *State,* 113 *Ga.* 1148, 1149 (39 S. E. 446). The only issue in that case was that the crime was charged in the alternative. There are no alternative charges in the special presentment in the instant case. Counsel for the defendant call attention to *Cole* v. *State,* 68 *Ga. App.* 179 (22 S. E. 2d 529). In that case this court said: "An indictment seeking to allege the offense of murder as defined in Code § 26-1009, which alleges there was no intention to kill, and yet alleges that the involuntary killing happened 'in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being,' and in so alleging employs language which alleges the equivalent of implied malice, does not subject the indictment to the demurrer 'that while said indictment undertakes to charge the offense of murder against J. H. Cole and alleges malice in the commission of the homicide, it distinctly expresses negative matters by alleging that the said J. H. Cole had no intention of killing.' " In our opinion that case does not sustain the contentions of the defendant in the instant case. Our attention is called to *Henley* v. *State,* 59 *Ga. App.* 595, 597 (2 S. E. 2d 139), and *Isom* v. *State,* 71 *Ga. App.* 803 (32 S. E. 2d 437). The facts in those cases do not apply here.

The indictment before us, properly construed, sets forth one offense, and one only, and that is involuntary manslaughter in the commission of an unlawful act, for that the defendant left his side of the road and ran into the deceased on the deceased's side of the road, inflicting injuries on the deceased without any intention to do so. The mere fact that it is alleged that the defendant killed and murdered the deceased is simply the misuse of words which could cause no harm to the defendant. There is no malice alleged and none implied. In fact, the allegations of the special presentment do not authorize any construction except that the defendant, in the commission of an unlawful act by unlawfully violating the rules of the road, killed the deceased

without any intention to do so. It is elementary that the criminal action and the name given do not determine the crime. It is the facts alleged that determine the crime. It is also elementary that words foreign to the clear allegations of fact may be construed as surplusage. Under the allegations of fact in this special presentment, reasonably construed, the crime of involuntary manslaughter is set forth, the acts alleged causing death without any intention to do so. We conclude that the indictment could easily have been drawn without using some of the expressions therein, but we can discern no harm which could result on a trial before a jury, with proper instructions from the court.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*