## 48266. FORBES v. THE STATE.

PANNELL, Judge. 1. Assuming, without deciding, that the introduction into evidence on a sentence hearing of a prior conviction of the defendant of another offense, which was then pending on motion for new trial would be error, on the theory that the prior conviction was not then final; yet, where, as in the present case, it appears by stipulation in the record that such prior conviction was not overturned but a new trial as to sentence only was granted, all prior to the introduction in evidence of such conviction, no error is shown as the record does not support the enumeration of error made.

2. Where a defendant is charged in one indictment with four counts of forgery, of which he is convicted, he is not entitled to be sentenced as for one offense merely because the checks forged were stolen or in his possession at the same time. See in this connection *Patterson v. Caldwell,* 229 Ga. 321 (1) (191 SE2d 43). While the case cited was decided under the prior law (former Code § 26-3911) rather than the present law under which he was indicted, Code § 26-1702, yet insofar as the question here raised is concerned, that is, does the forging of the separate checks constitute one or four transactions, there is no material difference.

3. There was no error in overruling the defendant's motion for a new trial.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*
SUBMITTED JUNE 1, 1973 — DECIDED JUNE 15, 1973.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Dennis S. Mackin, Thomas W. Hayes, Morris H. Rosenberg,* for appellee.