## 49412. THE STATE v. HOOPER.

WEBB, Judge.

Under one indictment, defendant below was charged with three counts of violating the Uniform Narcotic Drug Act (Code Ann. Ch. § 79A-8), Count 1 alleging the possession of cocaine, Count 2 the possession of codeine, and Count 3 the possession of pethedrine. Under another indictment, defendant was charged with five counts of violating the Drug Abuse Control Act (Code Ann. Ch. 79A-9), Count 1 alleging the possession of marijuana, Count 2 the possession of phencyclindine, Count 3 the possession of amphetamines, Count 4 the possession of secobarbital, and Count 5 the possession of meth-amphetamines.

To each of these indictments defendant filed her "demurrer or in the alternative motion to dismiss," complaining in paragraph (1) that the separation into different counts "listing different drugs is violative of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and of the Georgia Constitution, in that

there can be only one violation of the statute at a given time and that in other counties of the state similar charges are handled in a single count, listing in one count all the drugs under the statute charged to a particular defendant." After a hearing the trial court entered the following order: "Since this defendant is charged with possessing each of the illegal drugs *in each indictment simultaneously* and *at the same place,* and it being the duty of the court to strictly construe the criminal statutes, the court is of the opinion that each indictment should be one count of violating each of the respective chapters of the statute. The court accordingly sustains the defendant's motion/demurrer on the grounds set out in paragraph (1) of the motion/demurrer." (Emphasis supplied.)

The state, pursuant to Ga. L. 1973, p. 297, appealed to the Supreme Court, which transferred the appeal here. *Held:*

We must reverse. Contrary to the trial court's findings, the indictments do not allege that the various drugs and narcotics were possessed *simultaneously* and *at the same place.* Each count of the two indictments alleges only that the drug was possessed on October 4, 1972, without further amplification. A demurrer or motion to dismiss is not a proper method for attacking an indictment for a defect not appearing upon its face. *Arthur v. State,* 146 Ga. 827, 830 (92 SE 637); *Owens v. State,* 54 Ga. App. 417 (187 SE 890); *Cole v. State,* 68 Ga. App. 179, 181 (2) (22 SE2d 529); *Lastinger v. State,* 84 Ga. App. 760, 762 (67 SE2d 411).

A hearing was held on the demurrer/motion, and the transcript from a prior hearing on a motion to suppress was introduced.[1] It was from the evidence adduced at this hearing that the trial court concluded that the drugs were possessed simultaneously and at the same place. In civil cases we would say that the demurrer/motion had been converted into a motion for

---

[1] The denial of the motion to suppress was affirmed in *Grant v. State,* 130 Ga. App. 237 (202 SE2d 675).

summary judgment, and treat it accordingly. The difficulty here, however, is that defendant is seeking to have her demurrer/motion converted into a plea that she is being charged more than one time for the same offense, but we are cited no statutory or case authority for such a procedure. " 'There is no such plea to an indictment as pendency of a former indictment or *autrefois arraign.'* *Doyal v. State,* 70 Ga. 134 (3)." *Martin v. State,* 73 Ga. App. 573 (37 SE2d 411).

In the absence of authority to decide the "single offense" or "same transaction" question in the instant procedural context, the question must await another day for decision. But see *Patterson v. Caldwell,* 229 Ga. 321 (191 SE2d 43), *Nolley v. Caldwell,* 229 Ga. 441 (192 SE2d 151), and *Forbes v. State,* 129 Ga. App. 231 (199 SE2d 548) (possessing several forged checks constitutes several punishable offenses).

*Judgment reversed. Eberhardt, P. J., and Pannell, P. J., concur.*

SUBMITTED MAY 30, 1974 — DECIDED JUNE 25, 1974 — REHEARING DENIED JULY 16, 1974.

*William H. Ison, District Attorney, Clarence L. Leathers,* for appellant.

*Al Horn,* for appellee.