### 54056. THE STATE v. HOLMES.

QUILLIAN, Presiding Judge.

The state appeals from the sustaining of the demurrer to an indictment brought against defendant. Code Ann. § 6-1001a (Ga. L. 1973, pp. 297, 298). The indictment in question charged the defendant with the offense of murder (Criminal Code of Georgia § 26-1101 (b); Ga. L. 1968, pp. 1249, 1276), in that on November 21, 1976 the defendant "did, while in the commission of another felony, to wit: conspiracy to distribute marijuana, cause the death of another human being, Robert Gayle Keller, by shooting the said Robert Gayle Keller with a pistol;

contrary to the laws of the State of Georgia."

The defendant demurred to the indictment generally on the ground that the same failed to set forth any facts alleged to have been committed by the defendant which constitute an offense against the laws of the State of Georgia; the allegation that the defendant did cause the death of another human being was demurred to specially on the ground that it was too vague, uncertain, indefinite, and untrue because there was no causal connection between the alleged conspiracy to distribute marijuana and the resulting homicide of the deceased. After a hearing, the trial judge sustained the demurrer and dismissed the indictment. *Held:*

A demurrer to an indictment does not reach matters not appearing on its face. *Millhollan v. State,* 221 Ga. 165, 166 (1) (143 SE2d 730). A demurrer may properly attack only defects which appear on the face of the indictment and a demurrer which seeks to add facts not so apparent but supply extrinsic matters must fail as a speaking demurrer. *Cole v. State,* 68 Ga. App. 179 (22 SE2d 529); *Walters v. State,* 90 Ga. App. 360 (83 SE2d 48).

An indictment which sets out the essential elements of the crime charged, so as to apprise the accused of the exact offense charged and the manner in which it was committed is sufficient as against a general demurrer. *Ruff v. State,* 17 Ga. App. 337 (5) (86 SE 784). It is well settled that an indictment describing the offense in the language of the Code section defining the offense is sufficiently technical and correct. Code § 27-701. *Youmans v. State,* 7 Ga. App. 101 (4) (66 SE 383); *Welborn v. State,* 132 Ga. App. 207 (1) (207 SE2d 688); *Knowles v. State,* 166 Ga. 182 (142 SE 676).

Criminal Code of Georgia § 26-1101 (b) provides: "A person also commits the crime of murder when in the commission of a felony he causes the death of another human being, irrespective of malice." It is therefore clear that the instant indictment was sufficient on its face to charge the defendant with felony murder. *Baker v. State,* 236 Ga. 754 (225 SE2d 269). Accord, *Cain v. State,* 232 Ga. 804 (209 SE2d 158).

Although no mention was made concerning it in the trial judge's order and apparently he ruled on the

indictment as though it was attacked simply by demurrer, there is a stipulation of fact by the parties which is approved by the trial judge. The stipulation sets forth the factual content under which the defendant was indicted for murder and attempts to show that defendant killed the deceased in self-defense. This court has recognized that mere nomenclature does not control in considering pleadings. Therefore, we have allowed certain motions to be regarded as special pleas and ruled on after evidence was introduced relative thereto. *State v. Houston,* 134 Ga. App. 36 (213 SE2d 139) (reversed on other grounds, *State v. Houston,* 234 Ga. 721 (218 SE2d 13)); *Middlebrooks v. State,* 135 Ga. App. 411, 412 (218 SE2d 110) (reversed on other grounds, *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343)). The matters considered, however, were appropriate to a plea. Here the matter considered is a defense raised by the defendant to the indictment and goes to the very heart of the issue to be considered by the jury. It is in effect an attempt to convert the hearing on the demurrer into what, in civil practice, would be termed a motion for summary judgment. See *State v. Hooper,* 132 Ga. App. 413 (208 SE2d 161), where we noted there was no authority for such practice.

We therefore have ignored the purported stipulation of fact in our consideration of this appeal. We make no intimation as to whether the facts adduced would take this case without the concept of the felony murder rule. We do hold, however, that the indictment itself was sufficient on its face to withstand both the general and special demurrers urged against it. Hence, it was error for the trial judge to sustain the demurrers.

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED JUNE 9, 1977 — DECIDED JUNE 22, 1977 —
REHEARING DENIED JULY 14, 1977.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, William H. McAbee, II, Assistant District Attorneys,* for appellant.

*Cullen M. Ward, James C. Carr, Jr.,* for appellee.