## 45204. PARKER et al. v. DURHAM et al.
(365 SE2d 411)

GREGORY, Justice.

Appellee Durham is the owner of property surrounding the Hughes Old River in Long County. Appellee Hughes River Co. leases the Hughes Old River and surrounding property from Durham for use as a private fishing club.

On May 3, 1986, appellants entered the Hughes Old River by way of the Altamaha River for the purpose of fishing. It is undisputed that none of the appellants are members of the private fishing club in question. On complaint of appellee Durham, appellants were arrested for fishing on the property of another without permission, OCGA § 27-4-2. The appellees thereafter sought a permanent injunction to prevent appellants from trespassing on and fishing in the Hughes Old River. The appellees also sought damages and attorney fees. The trial court granted appellees' motion for partial summary judgment, and permanently enjoined appellants from trespassing on or fishing in the Hughes Old River.

1. The record demonstrates that a body of water known as the Hughes Old River joins the Altamaha River in Long County, Georgia. Appellees offered evidence which shows that when the Altamaha River reaches its low water mark and the Hughes Old River reaches its low water mark, land forms a barrier between the two bodies of water blocking the passage of boats between them. Appellants offered evidence tending to contradict this. It is undisputed that appellee Durham owns all land bordering the Hughes Old River. Appellants maintain there is an issue of fact as to whether the Hughes Old River is navigable, and therefore summary judgment was improperly granted.

A "navigable stream" is defined as "a stream which is capable of transporting boats loaded with freight in the regular course of business either for the whole or a part of the year. The mere rafting of timber or the transporting of wood in small boats shall not make a stream navigable." OCGA § 44-8-5 (a). Appellants offered some evidence to show that the Hughes Old River is navigable within the meaning of this code section. "The rights of the owner of lands which are adjacent to navigable streams extend to the low-water mark in the bed of the stream." OCGA § 44-8-5 (b). Appellants argue under this authority that if the Hughes Old River is navigable, Durham owns only to the low water mark of the Hughes Old River, and they may

enter the Hughes Old River by way of the Altamaha to fish. OCGA § 44-8-2 provides that "[t]he beds of nonnavigable streams belong to the owner of the adjacent land." Under this authority, if the Hughes Old River is nonnavigable, Durham owns the bed underlying the entire body of water.

The trial court did not make a determination as to the navigability of the Hughes Old River. The trial court reasoned that even if it were to find the Hughes Old River is navigable, the appellees are entitled to the injunctions sought because Durham can trace her chain of title back to an original grant from the state predating the effective date of OCGA § 44-8-5.

At common law, grants of land from the state "bounded on rivers above tide-water, or where the tide does not ebb and flow, carry the grantee to the middle of the river." *Jones v. The Water Lot Co. of Columbus*, 18 Ga. 539, 541 (1855). In such a situation, "[t]he public right is one of passage, and nothing more, as in a common highway; it is called in the books an *easement*, and the proprietor of the adjoining land has the right to use the land and water of the river, in any way not inconsistent with this easement." *Young v. Harrison*, 6 Ga. 130, 141 (1849). OCGA § 44-8-5, providing that where the river is navigable, the rights of the owner of adjacent land extend only to the low-water mark of the riverbed, became effective with the adoption of the Code of 1863. In *Florida Gravel Co. v. Capital City Sand &c. Co.*, 170 Ga. 855, 858 (154 SE 255) (1930), this court held that OCGA § 44-8-5 "will not be construed to apply to grants of land by the State prior to the adoption of that code."[1] Under this authority, appellee Durham, who traces her chain of title to a grant from the state in 1857, owns the entire bed of the Hughes Old River.

2. "By the common law the right to take fish belongs essentially to the right of soil in the streams where the tide does not ebb and flow. If the riparian owner owns upon both sides of the stream, no one but himself may come within the limits of his land and take fish there. The same right applies so far as his land extends to the thread of the stream, where he owns upon one side only. Within these limits, by the common law, his rights of fishery are sole and exclusive." *Bosworth v. Nelson*, 170 Ga. 279, 286 (152 SE 575) (1930); accord *West v. Baumgartner*, 124 Ga. App. 318, 325 (184 SE2d 213) (1971), reversed on other grounds in 228 Ga. 671 (187 SE2d 665) (1972). Therefore, Durham holds the exclusive right of fishery in the Hughes Old River, and the trial court did not err in enjoining the appellants from fishing in the Hughes Old River.

---

[1] We point out that in *Florida Gravel*, the party claiming rights to the riverbed was not the original grantee of the state land grant, but a successor in title to the original grantee.

3. However, if the Hughes Old River is navigable within the meaning of OCGA § 44-8-5 (a), supra, the public has a right of passage, *Jones v. The Water Lot Co. of Columbus,* supra, and the appellants may not be restrained from travelling by boat upon it. The record demonstrates there are questions of fact as to the navigability of the Hughes Old River. The trial court erred, on motion for summary judgment, in enjoining appellants from travelling on the Hughes Old River by boat.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 9, 1988 —
RECONSIDERATION DENIED MARCH 30, 1988.

*George E. Argo,* for appellants.
*Billy N. Jones,* for appellees.
*Wilkes, Johnson & Smith, J. Alexander Johnson,* amicus curiae.