## A93A0105. THE STATE v. LAWRENCE.

(431 SE2d 409)

Judge John W. Sognier.

According to the reconstructed record of this bench trial, Virginia Lawrence was a passenger in a vehicle which was stopped by the Georgia State Patrol at a routine roadblock check for driver's licenses and insurance. Although the driver's insurance papers were in order and his valid license showed him to be of lawful age, the investigating officer smelled alcohol and tested the driver. The results were too low to charge the driver with any offense. Thereafter, the officer approached the vehicle and questioned Lawrence and another passenger seated therein. When the two girls denied that they had been drinking, the officer made one passenger take an alcosensor test, which indicated the presence of alcohol. When the officer asked them if they still maintained that they had not been drinking, Ms. Lawrence admitted that she had been drinking earlier. In response to additional questioning, she told the officer that she was not yet 21, whereupon she was formally arrested and charged with possession of alcohol by a person under the age of 21, in violation of OCGA § 3-3-23 (a) (2). Neither alcohol nor empty containers were discovered in the vehicle. After the investigating officer testified as to the incriminating statements Ms. Lawrence had made in response to his questioning, defense counsel made an oral motion to exclude from evidence her answers to these questions, on the ground that she had not been cautioned of her rights before such questioning. The trial court heard evidence and, having discredited the factual bases for the officer's stated suspicions, concluded that *Miranda* warnings were required before the officer could interrogate a passenger of a vehicle stopped at a routine roadblock, on a minimal suspicion that the passenger might be an underage person in possession of alcohol. Accordingly, the trial court granted the defense motion and sua sponte directed a verdict of acquittal. Ostensibly pursuant to OCGA § 5-7-1 (4), the State appeals, enumerating as error the grant of the motion to suppress.

Although "appellee has not filed a motion to dismiss, 'we are required to examine the record to make certain we possess jurisdiction. (Cits.); Rule 32 (d) of our court . . . requires that whenever it appears to the court that it has no jurisdiction of a pending appeal, it will be dismissed whenever and however its lack of jurisdiction may appear. (Cit.)' [Cit.]" *State v. McKenna*, 199 Ga. App. 206, 207 (404 SE2d 278) (1991). Pursuant to OCGA § 5-7-1 (4), "[a]n appeal may be taken by . . . the State of Georgia . . . in criminal cases . . . [f]rom an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of *motions made and ruled upon prior to the impaneling of a jury.*" (Emphasis supplied.) In the case of a bench trial, the statute permits appeals from the grant of a motion to

suppress, made and ruled upon *prior to the attachment of jeopardy.* "[I]f a defendant moves *before trial* to exclude evidence on the ground that it was obtained in violation of law, the grant of such a motion — whatever its name — is subject to direct appeal on the part of the [S]tate." (Emphasis supplied.) *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984). However, a suppression motion which has been made and ruled upon in mid-trial is not an order which may be appealed by the State. Moreover, "the government may not appeal a trial court's grant to a criminal defendant of a directed verdict of acquittal based on an insufficiency of the evidence to support a conviction, [even if the directed verdict is erroneously granted,] in that a new trial would be barred by the double jeopardy [provisions of the Georgia and federal constitutions]." *State v. Williams*, 246 Ga. 788, 789 (1) (272 SE2d 725) (1980). See also *Morris v. State*, 262 Ga. 446 (421 SE2d 524) (1992).

"Accordingly, we hold 'that no jurisdictional basis exists in this case for a direct appeal [by the State].' [Cit.] In so holding, we express neither approval nor disapproval of the trial court's ruling. Our holding is that, under existing statutory authority, we have jurisdiction neither to affirm the ruling if correct nor to reverse it if erroneous." *State v. Brown*, 185 Ga. App. 701, 702 (365 SE2d 865) (1988).

*Appeal dismissed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 3, 1993.

*James E. Cornwell, Jr., Solicitor*, for appellant.
*Christopher W. Duncan*, for appellee.

