A93A2344. THE STATE v. GIVENS.
(438 SE2d 387)

BIRDSONG, Presiding Judge.

Pursuant to OCGA § 5-7-1 (1), the State appeals the order of the superior court dismissing the indictment against Carroll C. Givens. The indictment contained only one count accusing appellee Givens, on the date averred of unlawfully operating a vessel in Baker County, to-wit: in an area designated as a no boating zone.

Appellee/defendant Givens filed a motion to dismiss the indictment on the ground that the Department of Natural Resources is without authority to regulate boating on the creek in question, as this area has been deemed private property by the Commissioner of the Department of Natural Resources. The parties stipulated that the "Commissioner of the Georgia Department of Natural Resources, issued an administrative order, which declared the Ichauwaynochaway Creek to be a non-navigable stream. The [administrative] order cites OCGA § 44-8-3, which states 'the owner of a non-navigable stream [is entitled to] the same exclusive possession of the stream as he has of [any] other parts of [his] land.' The [administrative] order then notes [the provisions of] OCGA § 52-7-26 [currently OCGA § 57-7-25 (f)] . . . and [then] declares 'that portion of Ichauwaynochaway Creek in Baker County, Georgia [the portion here in issue in this case] to be a BOAT KEEP-OUT ZONE. . . . Wardens . . . subsequently erected 'no boating' markers along the banks of the creek designated in the administrative order. . . . The defendant was arrested . . . and charged with 'operating vessel in zoned no boat allowed area' [pursuant to the provisions of the administrative order designating that area of the creek to be a 'BOAT KEEP OUT ZONE,' regulated by the department]. The defendant was arrested within the area referenced in the administrative order."

In its order dismissing the indictment, the trial court concluded: "The stream involved is a 'creek,' is nonnavigable and the owner . . . is entitled to the exclusive possession of the stream. The stream in question is not 'waters of this state' as defined in OCGA § 52-7-3 (26). The 'department' has no authority to regulate boating on said

creek; consequently, the commissioner's order is null and void, and defendant's motion to dismiss is hereby granted." *Held*:

It is the substance and function of a motion and not its nomenclature that controls. *State v. Allen*, 192 Ga. App. 730, 734 (386 SE2d 394). The substance and function of this motion is that of a demurrer. See generally Ga. Crim. Trial Prac., §§ 14-19, 14-20 (1992 ed.). However, the demurrer in this case is a speaking demurrer, as it attempts to add facts not otherwise apparent on the face of the indictment by means of stipulation. " 'A speaking demurrer is one which alleges some new matter, not disclosed by the pleading (indictment) against which the demurrer is aimed and not judicially known or legally presumed to be true. Such a demurrer presents no question for decision, and should never be sustained.' " (Citations omitted.) *Walters v. State*, 90 Ga. App. 360, 365 (83 SE2d 48). Speaking demurrers present no legal authority for quashing an indictment. Id. Speaking demurrers are void. Ga. Crim. Trial Prac., supra at p. 381, § 14-20. "A demurrer may properly attack only defects which appear on the face of the indictment and a demurrer which seeks to add facts not so apparent but supply extrinsic matters must fail as a speaking demurrer." *State v. Holmes*, 142 Ga. App. 847, 848 (237 SE2d 406). Here the procedure used was "in effect an attempt to convert the hearing on the demurrer into what, in civil practice, would be termed a motion for summary judgment." Id. at 849. There is "no authority for such practice." Id. Ignoring the purported stipulation of fact in our consideration of this appeal, in accordance with the appellate procedure employed in *Holmes*, supra at 849, we find that the indictment was sufficient *on its face* to withstand both a general or a special demurrer. Hence it was error for the trial court to sustain the demurrer by dismissing the indictment. Compare *Holmes*, supra; *Walters*, supra.

We make no intimation as to whether the facts adduced would take this case beyond that conduct prohibited by OCGA § 52-7-20 (f). Neither do we intimate whether the area of the creek, at issue, was or was not public waters within the meaning of OCGA § 52-7-25 (f); moreover, whether adjacent landowners owned the bed of that portion of the creek at issue and, thus, could control the surface of the waters to the exclusion of the general public (compare *Lanier v. Ocean Pond Fishing Club*, 253 Ga. 549, 550 (322 SE2d 494)) appears to involve a foundation issue regarding legal title to the stream bed. See generally Ga. Const. 1983, Art. VI, Sec. VI, Par. III (1); *Parker v. Durham*, 258 Ga. 140 (365 SE2d 411).

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 1993.

*J. Brown Moseley, District Attorney*, for appellant.
*Dorough & Sizemore, Kermit S. Dorough, Jr.*, for appellee.