A93A2312. THE STATE v. SCHUMAN.
(441 SE2d 466)

McMURRAY, Presiding Judge.

Defendant Victor Schuman was indicted for theft by deception in that he "did obtain property, to wit: United States currency in an amount greater than $500.00, the property of Judith Rausher, with the intention of depriving the owner of said property, by the following deceitful means, by representing to Judith Rausher that he would provide her a first mortgage on certain real property located in Land Lot 48 of the 18th District of DeKalb County in exchange for $300,000.00 which representation was false and which the accused knew or believed to be false." Defendant Schuman was also indicted on two counts of theft by taking. Defendant filed motions to dismiss the indictment, alleging, in pertinent part, that "the instant prosecu-

tion [is] a violation of Article I, Section I, Paragraph XXIII of the Constitution of the State of Georgia [and] is the result of a disgruntled business associate of the Defendant who, after feeling frustrated in pursuing the alleged debt in United States Bankruptcy Court, convinced the Office of the District Attorney to pursue the debt via a criminal prosecution." Defendant also filed general demurrers to the indictment, alleging, in pertinent part, that "the indictment . . . fails adequately to charge the Defendant with any offense against the laws of the State of Georgia [and] fails to sufficiently set out the charge of theft by deception and the additional two charges of theft by taking."

After a hearing, the trial court entered the following order: "The transaction which forms the basis of the present criminal prosecution concerns a loan agreement between a Limited Partner and a General Partner. Said agreement was knowingly and voluntarily entered into by both parties with the loan documents, which included a Promissory Note and a Deed to Secure Debt, setting forth the specific rights of each party and the specific remedies in the event of default.

"Upon default the Limited Partner exercised her rights pursuant to the loan documents, foreclosed on both parcels of property which collateralized the loan, incurred no loss, and may have realized a gain.

"Prior to and during the initiation of the present criminal proceeding, the dispute which is the subject of the present criminal prosecution was the subject of a civil proceeding in Bankruptcy Court.

"Based upon the facts and circumstances of the loan transaction at issue, there is insufficient evidence of the Defendant's criminal intent.

"Based upon the foregoing, the Court finds that the present case is civil in nature and to allow the present prosecution to continue would constitute a violation of the Defendant's right to due process of law as provided by the Constitution of the State of Georgia and the Constitution of the United States.

"Article I, Section I, Paragraph XXIII of the Constitution of the State of Georgia states 'there shall be no imprisonment for debt.' This provision has been interpreted as standing for the proposition that 'our criminal laws can not be invoked to enforce the payment of debt.' *Ray v. State*, 40 Ga. [App.] 145, 146 (1929); *see also Messenger v. State*, 209 Ga. 340 [(72 SE2d 460)] (1952).

"Based upon the foregoing and for other good cause shown, it is HEREBY ORDERED that the indictment in the instant case be dismissed with prejudice." The State filed this appeal pursuant to OCGA § 5-7-1 (1). *Held*:

1. "It is the substance and function of a motion and not its nomenclature that controls. *State v. Allen*, 192 Ga. App. 730, 734 (386 SE2d 394). The substance and function of [defendant Schuman's] motion [to dismiss] is that of a demurrer. See generally Ga. Crim.

Trial Prac., §§ 14-19, 14-20 (1992 ed.). However, the [motion to dismiss] in this case is a speaking demurrer, as it attempts to add facts not otherwise apparent on the face of the indictment by means of stipulation. ' "A speaking demurrer is one which alleges some new matter, not disclosed by the pleading (indictment) against which the demurrer is aimed and not judicially known or legally presumed to be true. Such a demurrer presents no question for decision, and should never be sustained." ' (Citations omitted.) *Walters v. State*, 90 Ga. App. 360, 365 (83 SE2d 48). Speaking demurrers present no legal authority for quashing an indictment. Id. Speaking demurrers are void. Ga. Crim. Trial Prac., supra at p. 381, § 14-20. 'A demurrer may properly attack only defects which appear on the face of the indictment and a demurrer which seeks to add facts not so apparent but supply extrinsic matters must fail as a speaking demurrer.' *State v. Holmes*, 142 Ga. App. 847, 848 (237 SE2d 406). Here the procedure used was 'in effect an attempt to convert the hearing on the demurrer into what, in civil practice, would be termed a motion for summary judgment.' Id. at 849. There is 'no authority for such practice.' Id." *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387). It follows that the trial court in the case sub judice erred in dismissing the indictment "with prejudice."

We do not reach issues relating to the sufficiency of the indictment as raised in defendant Schuman's general demurrers since the trial court did not reach these issues. See *Romano v. State*, 193 Ga. App. 682 (1) (388 SE2d 757). However, we note that the allegations of the indictment seem to allege violations of OCGA §§ 16-8-3 (a), (b) (5) and 16-8-2 and that "[e]very indictment of the grand jury which states the offense in the terms and language of [the] Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." OCGA § 17-7-54 (a).

2. Defendant Schuman's motion for reconsideration of his motion to dismiss this appeal is hereby denied.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 14, 1994 —
RECONSIDERATION DENIED MARCH 1, 1994 —

*J. Tom Morgan, District Attorney, Thomas S. Clegg, Assistant District Attorney*, for appellant.
*Michael K. McIntyre*, for appellee.