A06A1720. THE STATE v. HENDERSON.
(640 SE2d 686)

RUFFIN, Chief Judge.

Terry Henderson was charged by accusation with possession of a firearm by a convicted felon and reckless conduct. Henderson moved to dismiss the charge of possession of a firearm by a convicted felon on the basis of mistake of fact. The trial court granted Henderson's motion to dismiss. The State appeals, arguing that the issue should be decided by a jury. For reasons that follow, we reverse.

In his motion to dismiss the charge of possession of a firearm by a convicted felon, Henderson conceded that he "was in possession of a firearm, he was a convicted felon, and he had not obtained a pardon." He contended, however, that he mistakenly believed that his right to possess a firearm had been restored because he had requested a pardon and restoration of his right to possess a firearm from the Board of Pardons and Paroles, and he had subsequently obtained a Georgia big game hunting license. At a hearing on the motion, Henderson argued that receiving the hunting license caused him to believe that his right to possess a firearm had been restored, although he admitted that he never received a response to his request to the Board of Pardons and Paroles. The trial court dismissed the charge of possession of a firearm by a convicted felon, and the State appeals.

1. According to Henderson, the trial court's ruling was tantamount to an acquittal following a bench trial and thus is not directly appealable, as double jeopardy would bar retrial.[1] However, "[u]nder OCGA § 5-7-1 (a), the State may appeal from orders or judgments . . . setting aside or dismissing accusations or indictments."[2] When a criminal defendant obtains a ruling terminating the case against him

---

[1] See *State v. Lawrence*, 208 Ga. App. 588, 589 (431 SE2d 409) (1993) ("[T]he government may not appeal a trial court's grant to a criminal defendant of a directed verdict of acquittal based on an insufficiency of the evidence to support a conviction, even if the directed verdict is erroneously granted.") (punctuation omitted).

[2] (Punctuation omitted.) *State v. Barker*, 277 Ga. App. 84, 85 (1) (625 SE2d 500) (2005).

by means of the dismissal of an accusation or indictment, before there has been a determination of guilt or innocence, the State may directly appeal such ruling.[3]

We are not persuaded that the trial court's order in this case should be treated as a ruling following a bench trial. As our Supreme Court recently made clear, a defendant has no unilateral right to have his criminal case decided by a bench trial without the acquiescence of the State.[4] Acquiescence was neither sought nor given in Henderson's case. Moreover, the trial court heard no evidence at the hearing, only argument by counsel. Under these circumstances, the trial court's order was nothing more than the dismissal of the accusation without an adjudication of guilt, which the State may appeal.[5]

2. Next, we address the State's assertion that the trial court improperly granted Henderson's motion.[6] A criminal charge is generally dismissed only when there is a defect on the face of the indictment or accusation.[7] Henderson, however, sought to have the charge at issue dismissed based on the existence of an affirmative defense, which required the consideration of facts extrinsic to the accusation.[8] There is no basis in Georgia criminal practice for " 'what, in civil practice, would be termed a motion for summary judgment.' "[9] Thus, the trial court had no authority to dismiss the charge against Henderson prior to trial.[10]

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 19, 2006.

*W. Kendall Wynne, Jr., District Attorney, Robert A. Rogers, Assistant District Attorney*, for appellant.

---

[3] See id.

[4] See *Zigan v. State*, 281 Ga. 415 (638 SE2d 322) (2006).

[5] See *Barker*, supra.

[6] The State argues that the correct procedure for challenging the accusation would have been to file a demurrer rather than a motion to dismiss. But "[i]t is the substance and function of a motion and not its nomenclature that controls." *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993); see also *Gentry v. State*, 235 Ga. App. 328, 329, n. 1 (508 SE2d 671) (1998) (court will address merits of argument relating to motion to dismiss that should have been denominated a demurrer).

[7] See *Givens*, supra.

[8] See *Murphy v. State*, 280 Ga. 158, 159 (2) (625 SE2d 764) (2006) (mistake of fact is an affirmative defense).

[9] *Givens*, supra; compare *Schuman v. State*, 264 Ga. 526 (448 SE2d 694) (1994) (while there is no authority for dismissal of indictment on basis of facts not appearing on face of indictment, State was precluded from challenging proceeding to which it consented).

[10] See *Givens*, supra.

*Charles E. W. Barrow, Leigh S. Schrope, Donna L. Clement*, for appellee.