## A11A0775. THE STATE v. HORSLEY et al.
### (714 SE2d 1)

MCFADDEN, Judge.

Otis Horsley and Jonathan O'Toole were jointly indicted for one count of terroristic threats, and Horsley was also indicted for another count of terroristic threats and a count of criminal defamation. The state later nolle prossed the criminal defamation count, and the trial court sustained a general demurrer as to the two counts of terroristic threats. The state appeals. Because the indictment alleges the terroristic threats offenses in the applicable statutory language and the defendants would be guilty of those crimes if the alleged facts are taken as true, the trial court erred in sustaining the general demurrer.

1. Horsley and O'Toole contend that this case is within the exclusive jurisdiction of, and should be transferred to, the Supreme Court of Georgia because it involves a challenge to the constitutionality of the terroristic threats statute. While it is true that Horsley and O'Toole raised a challenge to the constitutionality of the statute, the trial court did not distinctly rule on that challenge. The Supreme Court does not have jurisdiction where an attack on the constitutionality of a statute was not ruled on by the trial court. *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988); *Colton v. State*, 297 Ga. App. 795, 798 (678 SE2d 521) (2009). Accordingly, jurisdiction is proper in this court.

2. The state asserts that the indictment was sufficient to withstand a general demurrer. A general demurrer challenges the sufficiency of the substance of an indictment. *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

> An indictment shall be deemed sufficiently technical and correct to withstand a general demurrer if it states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury. Moreover, if an accused would be guilty of the crime charged if the facts as alleged in the indictment are taken as true, then the indictment is sufficient to withstand a general demurrer; however, if an accused can admit to all of the facts charged in the indict-

ment and still be innocent of a crime, the indictment is insufficient and is subject to a general demurrer.

(Citations and punctuation omitted.) *State v. Corhen*, 306 Ga. App. 495, 497 (700 SE2d 912) (2010).

In this case, the first count of the indictment charges Horsley

> with the offense of TERRORISTIC THREATS O.C.G.A. § 16-11-37, for the said accused, in the County of Fulton and State of Georgia, on the 25th day of February, 2010, DID THREATEN TO COMMIT A CRIME OF VIOLENCE, TO WIT: MURDER WITH THE PURPOSE OF TERRORIZING SIR ELTON HERCULES JOHN.

In virtually identical language, the second count of the indictment charges both Horsley and O'Toole

> with the offense of TERRORISTIC THREATS O.C.G.A. § 16-11-37, for the said accused, in the County of Fulton and State of Georgia, on the 26th day of February, 2010, DID THREATEN TO COMMIT A CRIME OF VIOLENCE, TO WIT: MURDER, WITH THE PURPOSE OF TERRORIZING SIR ELTON HERCULES JOHN.

The indictment not only cites the applicable Code section, but clearly states the offenses in the terms and language of the terroristic threats statute, which provides that a "person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another[.]" OCGA § 16-11-37 (a). Moreover, Horsley and O'Toole would not be innocent if they admitted all the facts charged in the indictment, and instead "would be guilty of the crime[s] charged if the facts as alleged in the count[s] are taken as true." (Citations omitted.) *Corhen*, supra at 501 (4).

In sustaining the general demurrer, the trial court mistakenly relied on matters not appearing on the face of the indictment, concluding that a placard stating that the alleged victim must die does not constitute a direct threat of violence. However, a

> demurrer to an indictment does not reach matters not appearing on its face. [Cit.] A demurrer may properly attack only defects which appear on the face of the indictment and a demurrer which seeks to add facts not so apparent but supply extrinsic matters must fail as a speaking demurrer. [Cits.]

*State v. Holmes*, 142 Ga. App. 847, 848 (237 SE2d 406) (1977). The trial court's consideration of facts purportedly underlying the indictment

> goes to the very heart of the issue to be considered by the jury. It is in effect an attempt to convert the hearing on the demurrer into what, in civil practice, would be termed a motion for summary judgment. See *State v. Hooper*, 132 Ga. App. 413 (208 SE2d 161) [(1974)], where we noted there was no authority for such practice.

Id. at 849. Accordingly, since the indictment tracks the language of the applicable statute and plainly states the allegations so that the nature of the charges may easily be understood by a jury, the trial court erred in sustaining the demurrer.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JUNE 3, 2011 —
RECONSIDERATION DENIED JUNE 29, 2011.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellant.
*Kenya B. Herring, Alixe E. Steinmetz*, for appellees.