# Court of Appeals
# of the State of Georgia

ATLANTA,   September 26, 2023

*The Court of Appeals hereby passes the following order:*

**A24E0012.  ALFRED EDMONSON v. ROBERT MACK, JUDGE.**

In 2014, a jury convicted Alfred Edmonson of false imprisonment and aggravated sodomy, and this Court affirmed his convictions on appeal. See *Edmonson v. State*, 336 Ga. App. 621 (785 SE2d 563) (2016).[1] Prior to his convictions, the State indicted Edmonson under one case number and then re-indicted him under a new case number. On April 28, 2014, around the time of Edmonson's convictions, the trial court issued an order nolle prossing the original indictment against him.

It appears that in 2022, Edmonson filed in superior court a mandamus petition, alleging that the trial court's April 28, 2014 order entitles him to a judgment of discharge and acquittal.[2] According to Edmonson, the superior court has taken no action on the mandamus petition he filed there, and he has filed an original mandamus action in this Court against Clayton County Superior Court Judge Robert Mack. In his original mandamus action, Edmonson asks this Court to issue an order directing the superior court to issue an order of discharge and acquittal.

While styled as a petition for a writ of mandamus, Edmonson's petition is, in substance, a motion to vacate his criminal conviction. *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993) ("It is the substance and function of a motion and not its nomenclature that controls."). A petition to vacate or modify a judgment of

---

[1] Edmonson has filed several appeals since then, which this Court has dismissed. See Cases No. A21A0817 (Apr. 23, 2021); A19A1155 (Feb. 25, 2019); A19A1024 (Jan. 24, 2019).

[2] Edmonson has not included the 2022 filings in his filing in this Court.

conviction is not an appropriate remedy in a criminal case, *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and a defendant is not entitled to appeal from the denial of such a motion. Id. at 218 (2). Furthermore, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014); see also *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983) (explaining that the need to resort to the appellate courts for mandamus relief is "extremely rare").

Because Edmonson is not entitled to the relief he seeks, his original mandamus action is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   09/26/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*