## 22933.   KILES *v.* THE STATE.

DECIDED MARCH 3, 1934.

R. *Carter Pittman,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

MACINTYRE, J. The special presentment in this case, found at the October term, 1932, of Whitfield superior court, charges that Jess Kiles, a single man, had unlawful sexual intercourse with Mrs. Jim Kiles, a married woman, on June 10, 1930, "the offense and offender being unknown prior to September 1, 1932." Having been found guilty of the offense charged, the defendant, Jess Kiles, filed his motion for a new trial based upon the usual general grounds and one special ground.

The defendant made no statement to the jury and introduced no evidence, and Mrs. Jim Kiles, the only witness sworn in the case, testified on direct examination as follows: "On the 10th of June, 1930, Jess Kiles was at my home in this county. He is a brother of my husband, Jim Kiles, and is my brother-in-law, and at that time he solicited me to have intercourse with him, and I objected to it, but he told me that if I didn't he would hurt me, and I was afraid of him, and I went in a room with him and went to bed with him and he had intercourse with me." On cross-examination Mrs. Jim Kiles testified as follows: "My husband and I have been living together since June 10, 1932, continuously up until about September 1st. Of course I knew that Jess Kiles had intercourse with me, and had known it all the time since June 10, 1930. I never did tell any person about it until September 1, 1932, when I told my father. My father and husband and some other kinfolks got together and it was decided to bring the matter to court around September 1, 1932. There was nothing to have prevented me from telling about this intercourse to my father or to officers after the act was committed between me and Jess. Jess has lived in our community ever since the thing happened between me and him."

After setting out the foregoing testimony in the special ground, counsel for plaintiff in error avers that the court erred in overruling the following motion: "Now, if the court please, I move to exclude from the record all of the evidence of this witness with reference to any act of sexual intercourse occurring between this witness and Jess Kiles in the month of June, 1930, for the reason that she states affirmatively that she has known of the commission

of this act ever since the same was committed, and consequently it appears that such offense is barred by the statute of limitations, and the evidence of this witness as to such offense is wholly irrelevant and immaterial and can have no probative value in this trial."

In all misdemeanor cases indictments must be found and filed "within two years after the commission of the offense, and at no time thereafter." Penal Code (1910), § 30 (4). This section further provides: "Nor shall any limitation run so long as the offender or offense is unknown." "The statute of limitations does not begin to run in favor of the offender until his offense is known to the prosecutor, or to some one interested in the prosecution or injured by the offense. . ." *Brown* v. *State, 6 Ga. App.* 329 (2) (64 S. E. 1001). "Where it is stated that the indictment was not brought within the period of time allowed by the Penal Code, § 30, because the offense or the offender was unknown, the State makes a prima facie case and shifts the burden of proof on the defendant when it is shown that the prosecutor or the party most interested did not know the offense (or the offender, as the case may be). Upon such proof that the offense was unknown to the person aggrieved, the defendant may show that it was known to him, or he may show, by evidence of common notoriety, that the bar of the statute of limitations has attached. . . And in those cases where the offense is against society in general and there is no prosecutor, the return by the grand jury of a presentment containing the exception will presumptively establish that the offense or offender was unknown, until the statement is denied by evidence on the part of the defendant. There is in this ruling no conflict with the established rule that the State must prove every material fact essential to show the guilt of him who is accused of crime; for, as we have stated, this is no part of the crime, but merely an exception to a rule in his favor." *Cohen* v. *State, 2 Ga. App.* 689, 694 (59 S. E. 4). In *Mangham* v. *State, 11 Ga. App.* 427, 438 (75 S. E. 512), it was said: "Besides, this was a special presentment by the grand jury, and the allegation that the offense charged therein was unknown was sufficient to cast upon the defendant the burden of showing that it was not true." Both the *Cohen* and the *Mangham* cases are quoted from at length in *Taylor* v. *State, 174 Ga.* 52, 69 (162 S. E. 504).

The paper charging the offense in this case discloses no pros-

ecutor. In his brief, counsel for the plaintiff in error contends that "the offense was known to the person upon whom the same was committed, and the person who later appeared as the prosecutrix in the case, and, the indictment having been found after the expiration of the statutory period, a prosecution for the offense was barred by the statute of limitations." Did the fact that Mrs. Jim Kiles knew of the offense from the time of its commission apprise the State of the commission of the offense from that time? The offense of adultery and fornication is necessarily a joint offense. Penal Code (1910), § 372; *Glover* v. *State,* 15 *Ga. App.* 44 (2) (82 S. E. 602). The statute provides that the man and woman guilty of this offense "shall be severally indicted, and shall be severally punished." While a grand jury may indict one of the parties and refuse to indict the other, and one trial jury may convict the one and another trial jury acquit the other, from both a logical and moral point of view both of them would appear to be either innocent or guilty. There is no contention that knowledge of the defendant that he committed the offense brings knowledge to the State that the offense was committed. Why should such a contention be made as to the woman in the case? The offense is joint, and the woman is subject to be tried and convicted just as was the man. It is not usual that either party reports the commission of the offense—this for the very good reason that to do so would invite a conviction of both. It occurs to us that the woman in the case was not the "party most interested," in the sense that this phrase was used in the cases cited, but rather that her interest lay in keeping the matter concealed for her own protection. Neither do we think that the fact that she afterwards came into court and testified against the defendant alters the situation. It should be kept in mind that this is an offense of immorality and is against society in general, and that there is no prosecutor, the crime charged being set forth in a special presentment. We hold that there is nothing in the record to show that the State had knowledge of the crime until the woman in the case reported it, and that prior to that time the offense was "unknown" within the meaning of the statute. It follows that the evidence objected to was relevant and pertinent, and that the court did not err in refusing to rule it out. There is no merit in the special ground.

The evidence speaks so eloquently of the guilt of the accused that

we see no occasion to discuss it, and hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*