### 67635. THE STATE v. FINKELSTEIN.

SOGNIER, Judge.

The trial court in this case granted a motion to dismiss Count 1 of the indictment, which alleged criminal damage to property without the owner's consent. When the state refused to proceed on Count 2 the trial court granted a motion to dismiss the indictment. The state appeals both rulings.

1. The state contends that the trial court had no authority to dismiss Count 1 because the case was not settled between the prosecutor and the defendant with the consent of the court, and under the provisions of OCGA § 17-8-2 all indictments that are not settled must be submitted to the jury. Therefore, argues the state, the trial court's order dismissing Count 1 was unlawful. We do not agree.

OCGA § 17-8-2 is applicable to cases which have been *settled* between the prosecutor and the defendant with approval and order of the court. Count 1 was not settled, but was dismissed on motion by appellee after testimony by the owner and lessee of the property involved (a broken window) that they consented to the damage. Thus, the state would be unable to establish an essential element of the offense; namely, that the property was damaged *without* the owner's consent, so the evidence would be insufficient as a matter of law to establish the offense charged. In a criminal case the law is addressed to the court, and the jury is not concerned with questions of law except as the law relevant to the case is given in charge to the jury. *Poole v. State*, 100 Ga. App. 380, 383 (2) (111 SE2d 265) (1959). In a case where 30 counts of an indictment were dismissed on a plea in bar we stated: "Our appellate courts have repeatedly affirmed that a trial court is vested with latitude to handle within its sound discretion pretrial matters . . . as well as the conduct of the trial in general . . . In this case, the trial court's action profoundly simplified a very complex trial by eliminating thirty counts which . . . should have been eliminated. This pre-trial procedure was fair to all parties, and though it is not statutorily *prescribed*, neither is it statutorily *proscribed*." *State v. Tuzman*, 145 Ga. App. 481, 483 (2) (243 SE2d 675) (1978). See also *State v. Brannon*, 154 Ga. App. 285, 288 (2) (267 SE2d 888) (1980), where we held it was proper for the trial court to grant a plea in bar and dismiss the indictment. Thus, the trial court had authority to dismiss Count 1 of the indictment and did not err by granting appellee's motion to dismiss that count. Such action conserved the time of the court, the jury and counsel by eliminating the need for testimony

when the state could not establish the offense charged as a matter of law.

2. The state contends the trial court erred by dismissing the indictment when the prosecuting attorney refused to proceed on the remaining charge of simple battery.

When this case was called for trial the state announced it was ready to proceed and the jury was sworn. After the trial court granted appellee's motion to dismiss Count 1 of the indictment the prosecuting attorney stated: "The State withdraws its case." The court ordered the prosecuting attorney to proceed or the indictment would be dismissed. The prosecuting attorney refused to proceed and the court then dismissed the indictment pursuant to appellee's motion.

OCGA § 17-8-1 provides: "The cases on the criminal docket shall be called in the order in which they stand on the docket unless the defendant is in jail or, otherwise, in the sound discretion of the court." Contrary to assertions in the state's brief, the prosecuting attorney did not make a motion to withdraw the case. Further, he did not move for a continuance and gave no reasons for refusing to proceed after announcing previously that the state was ready to proceed.

Discretion in regulating and controlling the business of the court is necessarily confided in the judge, and this court should never interfere with its exercise unless it is made to appear that wrong or oppression has resulted from its abuse. *Carr v. State*, 76 Ga. 592, 593 (2) (c) (1885); *Simpkins v. State*, 149 Ga. App. 763, 769 (4) (256 SE2d 63) (1979). Under the circumstances of this case we find no abuse of discretion. The prosecuting attorney gave no reasons for his refusal to proceed. Further, trial commenced on September 13, 1983 and appellant had filed a demand for a speedy trial in June 1983, requiring that the case be tried during the September term of court. Thus, we find no error by the trial court in dismissing the indictment. Any alleged error was induced by the refusal of the prosecuting attorney to proceed as ordered, and induced error is impermissible. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 2, 1984.

*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney*, for appellant.
*George P. Donaldson III*, for appellee.