## A89A0901. WOMACK v. THE STATE.
(387 SE2d 336)

POPE, Judge.

Defendant James Womack was accused of sodomy in October of 1988, and a bench trial was held on November 21, 1988. The trial transcript discloses that the case was presented by stipulated statements of facts submitted by both parties showing that while defendant was the Director of Therapeutic Services at Anneewakee, Inc., a residential hospital for emotionally disturbed youths, he and a male student/patient over the age of 14 years engaged in homosexual acts from October 1980 until the boy graduated in mid-1981. After gradua-

tion the boy and defendant continued to engage in homosexual acts, but not as late as October of 1984 or any time within the four-year statute of limitation for the offense charged. The State contended that the homosexual relationship was consensual, but defendant asserted that the boy was a victim of sexual abuse and thus the statute of limitation barred the prosecution. The trial court denied defendant's motion for directed verdict based on the statute of limitation defense, found defendant guilty and imposed sentence. *Held*:

The prosecution for the crime with which defendant was charged must be commenced within four years after commission of the crime under OCGA § 17-3-1 (c). However, the period of limitation is tolled during any period in which "[t]he person committing the crime is unknown or the crime is unknown . . . ." OCGA § 17-3-2 (2).

It is well settled that knowledge of a crime is imputed to the State, and consequently the statute of limitation commences to run, in a crime involving a victim who is not a party to the crime. " '[T]he knowledge of the victim is the knowledge of the State, even though the victim does not represent the State in an official capacity.' [Cit.]" *Sears v. State*, 182 Ga. App. 480, 481 (356 SE2d 72) (1987). However, in the case of a joint offense or "victimless crime," such as adultery or fornication, knowledge of the crime by the two participants would not impute knowledge to the State. Until a consensual or joint offense is reported it is unknown within the meaning of the statute of limitation. *Kiles v. State*, 48 Ga. App. 675 (2) (173 SE 174) (1934).

The evidence here in regard to the homosexual relationship between defendant and the student/patient was conflicting. However, it is evident that the trial judge found that the student/patient was a willing participant in the homosexual acts, and thus a "joint offender," a factual circumstance which would not impute knowledge to the State. "In a bench trial the court sits as trier of fact and his findings shall not be set aside unless clearly erroneous. The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them." (Citation and punctuation omitted.) *Gulf Winds, Ltd. v. First Union Bank*, 187 Ga. App. 383, 385 (1) (370 SE2d 508) (1988). " 'The appellate courts do not weigh the evidence or determine the credibility of the witnesses, but look only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt.' [Cit.]" *Banks v. State*, 185 Ga. App. 851, 853 (3) (366 SE2d 228) (1988). The evidence was sufficient for the court to find that the student/patient was not a victim, but was a joint offender, so that knowledge of the offense by the joint offender would not be imputable to the State.

The State stipulated that the defendant's minor daughter saw

the two men "in bed together engaged in a homosexual act at [defendant's] house in mid-1981." Defendant argues that the knowledge of this third-party witness is sufficient to impute knowledge of the crime to the State. However, the stipulated facts also show the relationship continued after the student/patient graduated from the institution in 1981. Therefore, even assuming the knowledge of one particular act in mid-1981 was imputable to the State, no evidence was presented to show the remaining acts, which occurred both before and after this incident, were known to the State.

For the first time on appeal defendant contends that the State failed to present evidence to support its theory that the crime was unknown and therefore not barred by the statute of limitation. This issue was not raised at trial nor in defendant's motion for directed verdict. Therefore it was not addressed by the trial court, as it could have been if defendant had objected at trial. "Enumerations of error which raise questions for the first time on appeal present nothing for decision." (Citation and punctuation omitted.) *Cooper v. State*, 188 Ga. App. 297, 298 (3) (372 SE2d 679) (1988). We find no basis for reversal.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED OCTOBER 16, 1989 — 

*The Garland Firm, Donald F. Samuel*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.