S90G0187. WOMACK v. THE STATE.
(389 SE2d 240)

WELTNER, Justice.

Womack was convicted of sodomy in two separate cases, each based upon an accusation identifying different individuals as victims. He waived indictment and a jury, and proceeded to the trial of both cases on a stipulation of facts. His sole defense was that prosecution of the second case was barred by the statute of limitation. The trial judge denied Womack's motion for directed verdict of acquittal as to the second case, found him guilty in both cases, and imposed a sentence on each conviction. This appeal involved the second case only, and is limited to the denial of the motion that was based on the statute of limitation. The Court of Appeals affirmed the trial court, and we granted certiorari. *Womack v. State,* 193 Ga. App. 186 (387 SE2d 336) (1989).

1. OCGA § 17-3-1 (c) provides:

Prosecution for felonies other than [murder, other crimes punishable by death or life imprisonment] must be commenced within four years after the commission of the crime, provided that prosecution for felonies committed against victims who are at the time of the commission of the offense under the age of 14 years must be commenced within seven years after the commission of the crime.[1]

2. Exceptions to this statute are set out in OCGA § 17-3-2, as follows:

The period within which a prosecution must be commenced

---

[1] The victim in this case was more than 14 years of age.

under Code Section 17-3-1 or other applicable statute does not include any period in which:

(1) The accused is not usually and publicly a resident within this state;
(2) The person committing the crime is unknown or the crime is unknown;
(3) The accused is a government officer or employee and the crime charged is theft by conversion of public property while such an officer or employee; or
(4) The accused is a guardian or trustee and the crime charged is theft by conversion of property of the ward or beneficiary.

3. In *Sears v. State*, 182 Ga. App. 480 (356 SE2d 72) (1987), the state contended that the statute of limitation was tolled, under the exception of OCGA § 17-3-2 (2), in a case of sexual crimes against a child of tender years; and that the defendant's acts must be considered as "unknown" crimes within the contemplation of OCGA § 17-3-2 (2) because of the victim's age, lack of awareness of the criminality of the alleged conduct, or a purported fear of the defendant. That claim was rejected.

"It seems to be well settled that if a crime against the public involves also a wrong upon an individual, such as an assault or any other crime in which an individual, who is not a party to the crime suffers, the knowledge of the victim is the knowledge of the State, even though the victim does not represent the State in an official capacity." [Cits.] Compare *Kiles v. State*, 48 Ga. App. 675 (2) (173 SE 174) (1934), wherein knowledge of the offense of fornication and adultery by the joint offender was not imputable to the State.[2] [Id. at 481.]

4. In *Sears*, supra, the Court of Appeals went on to state:

"In deciding when the statute of [limitation] begins to run in a given case several considerations guide our decision. The purpose of a statute of [limitation] is to limit exposure to criminal prosecution to a certain fixed period of time follow-

---

[2] *Kiles* dealt with a prosecution for adultery and fornication. The Court of Appeals, in rejecting the defendant's claim that prosecution was barred by the statute of limitation, held that the complaining witness' testimony "was not inadmissible upon the theory that the woman's knowledge that the crime had been committed was imputable to the state." Id. at 675 (2).

ing the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. . . ." "As a general rule, exceptions will not be implied to statutes of [limitation] for criminal offenses, and ordinarily the running of such a statute is not interrupted unless it contains an exception or condition that will toll its operation." [Cits.] . . . [T]here being no statutory basis for the exceptions to the statute espoused here by the State, we must give effect to the clear expression of legislative will that felony prosecutions *must* be commenced within four years after the commission of the crimes. . . . [Id. at 482.] [Brackets in original.]

5. We believe that *Sears* states the better rule, and that it, rather than the implications of *Kiles*, should be followed. Under the latter, for example, a prosecution for certain misdemeanors committed during early youth might be initiated fifty years after the fact. Surely, that is not the purport of the exemption.

6. There being no evidence that the crimes were "unknown" to the state, the motion for directed verdict should have been granted. Womack remains under sentence by virtue of his conviction and sentence in the first case, which is not the subject of appeal.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 13, 1990.

*The Garland Firm, Donald F. Samuel,* for appellant.
*Frank C. Winn, District Attorney,* for appellee.
*Michael R. Hauptman,* amicus curiae.