A90A1625. THE STATE v. LOWMAN.
(400 SE2d 373)

BEASLEY, Judge.

The issue for decision is whether or not defendant Lowman's prosecution for 14 counts of theft by conversion, OCGA § 16-8-4, of funds entrusted to him as executor of his father's estate is time-barred. The court granted Lowman's plea based on the statute of limitation, and the State appeals. Defendant denominated his plea as one in abatement but sought to bar prosecution and not merely to delay it. Because the grant of the plea, which was in essence a plea in bar, effectively dismissed the indictment, the State may appeal the ruling. See OCGA § 5-7-1 (1); *State v. Williams*, 172 Ga. App. 708 (1) (324 SE2d 557) (1984).

Lowman was indicted on October 9, 1989, for alleged conversion of nearly $400,000 in estate funds: each count related to consecutive years between 1971 and 1984 and involved amounts varying from $2,230 to $65,890.

Prosecution for the felonies had to have been commenced within four years after the commission of the crimes. OCGA § 17-3-1 (c). Indictment on October 9, 1989, of the thefts alleged to have been committed prior to October 9, 1985, would be too late unless the statute of limitation was tolled.

" 'The period within which a prosecution must be commenced under Code Section 17-3-1 . . . does not include any period in which: . . . (2) The person committing the crime is unknown or the crime is unknown. . . .' OCGA § 17-3-2. Thus, '(t)he key to determining when the statute of limitation begins to run is to find when the offender or offense became known. (Cits.)' *State v. Brannon*, 154 Ga. App. 285, 286-87 (267 SE2d 888) (1980). The State bears the burden of proof in

this regard. See *State v. Lester*, 170 Ga. App. 471 (317 SE2d 295) (1984); *State v. Tuzman*, 145 Ga. App. 481 (3) (243 SE2d 675) (1978). . . .

" '(T)his court in *Brown v. State*, 6 Ga. App. 329 (2) (64 SE 1001) ((1909)), . . . held that "The statute of (limitation) does not begin to run in favor of the offender until his offense is known to the prosecutor, or to someone *interested* in the prosecution, or *injured* by the offense." The only possible construction of this decision is that when the offense *is* known to the person injured by the offense, the statute *does* begin to run. . . . This is as it should be, because the injured person has some motive for reporting the crime to the State. Another thing shown by the decision in the *Brown* case is that the prosecutor is not the only one whose knowledge would bind the State. It holds that the statute does not begin to run until the offense is known to the "prosecutor" *or* to someone "injured by the offense"; which necessarily means that it does begin to run after it is known to the prosecutor *or* to the one "injured by the offense." ' " *Sears v. State*, 182 Ga. App. 480, 481 (1) (356 SE2d 72) (1987).

The State contends that the statute of limitation was tolled under OCGA § 17-3-2 (2)[1] until August 1989, because the fact that Lowman had committed a criminal act was unknown to the heirs-at-law until August 1989, when some of the children of the devisees and legatees undertook to investigate Lowman's actions in handling the estate and found that Lowman had actually stolen funds. The undisputed facts are otherwise.

Lowman was appointed executor of his father's estate on June 1, 1970. The legatees and devisees under Lowman's father's will included Lowman, Lowman's three sisters, and Lowman's brother Freeman. Freeman died intestate in 1973. In early 1985, Freeman's son, as administrator and an heir of his deceased father's estate, petitioned for an accounting of his grandfather's estate because Lowman had not disbursed estate payments in four years; in February the probate court ordered the accounting. A hearing was held on March 1 at which Lowman admitted owing $187,000 to the estate but repeatedly said that he would settle the estate. The parties and the court went to the bank where the estate account was held and found a balance of $7 in the account.

In July 1985, Freeman's son petitioned the probate court to remove his uncle, Lowman, as executor because he was unfit for the trust. On August 9, the probate court revoked Lowman's letters as executor after finding him guilty of the mismanagement charge unless he appeared and accounted for his actions as he had been ordered to

---

[1] Subsection (4) is not involved in this appeal.

do. He did not do so.

At the hearing on Lowman's "plea in abatement," the nephew admitted that between March and July of 1985, he knew that Lowman had misused in some way the $187,000 from the estate. The district attorney admitted that during a period between February and July of 1985, someone on behalf of Freeman's heirs contacted his office regarding prosecuting Lowman for the missing funds; a note in the district attorney's file dated May 1, 1985, recounted that Lowman admitted owing $37,000, was going to resign and have a new executor appointed, and wanted to settle; at that time there was dissention in the Lowman family regarding prosecuting Lowman so it was decided not to seek indictment. In his capacity, the district attorney knew in the spring of 1985 that Lowman's heirs were alleging that Lowman had stolen money from the estate.

It was clear as early as March 1985 to relatives directly interested in Lowman's prosecution and/or injured by the offenses, that Lowman had misused funds from the estate. The fact that the relatives may not have known the full extent of Lowman's actions or that they were criminal acts does not affect the effect of the actual knowledge of Lowman's conduct for the purpose of tolling prosecution. See *Sears*, supra at 481 (1). Moreover, the State's prosecuting attorney had knowledge of the allegations of theft during the spring of 1985 also.

The trial court correctly barred prosecution of the alleged thefts by conversion prior to March 1, 1985, i.e., counts one through 13 of the indictment, as untimely. The court erred in granting Lowman's plea as to count 14; it alleged criminal conduct as late as December 31, 1985, within four years of the indictment on October 9, 1989.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1990.

*Roger G. Queen, District Attorney*, for appellant.
*William L. Reilly*, for appellee.

