## A93A1004. LEE v. THE STATE.
(438 SE2d 108)

POPE, Chief Judge.

Defendant appeals from the denial of his plea in bar.

The record shows that on November 13, 1992, a multi-count indictment was returned against the defendant, a correctional officer, charging him with one count of sodomy (Count 1) and eighteen counts of sexual contact with an inmate in violation of OCGA § 16-6-5.1. Counts 2 through 19 of the indictment charged defendant with crimes which were alleged to have been committed outside the applicable four-year statute of limitation contained in OCGA § 17-3-1 (c), but which the State alleged in the indictment were unknown to the "proper prosecuting officer" until August 26, 1992. See OCGA § 17-3-2 (2) which tolls the period of limitation during any period in which "[t]he person committing the crime is unknown or the crime is unknown." The trial court agreed that the prosecution was not commenced untimely and denied defendant's plea in bar on the basis that the victim could not be expected to report the crimes while incarcerated and thus the crimes did not become known to the State until the victim was "discharged from the custody of the Georgia Department of Corrections or the date of the actual report of the offense by the alleged victim, whichever occurred first."

It is well settled that the knowledge of the victim of the crime is imputed to the State, and thus the crime becomes known to the State and the statute of limitation begins to run "after it is known to the prosecutor *or* to the one 'injured by the offense.'" *Sears v. State*, 182 Ga. App. 480, 481 (1) (356 SE2d 72) (1987) (quoting *Taylor v. State*, 44 Ga. App. 64, 69-70 (160 SE 667) (1931) and *State v. Brannon*, 154 Ga. App. 285, 286-287 (267 SE2d 888) (1980)). See also *State v. Lowman*, 198 Ga. App. 8 (400 SE2d 373) (1990). Moreover, in *Sears* this court held that this rule applies even if there may be some reason why the victim did not report the crime, such as the victim's age, her lack of awareness that defendant's conduct was criminal and/or her purported fear of the defendant. We fail to see how the situation in this case is distinguishable; the reasons cited by the trial court[1] as to why the inmate-victim might not report the crimes are, in our opinion, no more compelling than the reasons rejected by a majority of this court in *Sears*. Thus the trial court erred in this case by finding that the statute was tolled until the victim either reported the crime or was released from custody, whichever occurred first.

---

[1] The trial court based its ruling on the "unbelievable disparity in power" between an inmate and correctional officer, the control of the officer over the inmate, the ability of the officer to intimidate the inmate and the substantial restriction upon the inmate's right to liberty.

The State also argues that the order denying the plea should be affirmed because the victim in this case was a party to the crimes in that she aided and abetted the defendant in the commission of the offenses by willingly participating in the activities involved. However our Supreme Court has specifically rejected the "joint offense" or "victimless crime" exception in favor of the "better rule" enunciated in *Sears*. *Womack v. State*, 260 Ga. 21 (389 SE2d 240) (1990), rev'g 193 Ga. App. 186 (387 SE2d 336) (1989). " 'As a general rule, exceptions will not be implied to statutes of (limitation) for criminal offenses, and ordinarily the running of such a statute is not interrupted unless it contains an exception or condition that will toll its operation.' (Cits.) . . . (T)here being no statutory basis for the exceptions to the statute espoused here by the State, we must give effect to the clear expression of legislative will that felony prosecutions *must* be commenced within four years after the commission of the crimes. . . ." Id. at 23 (quoting *Sears v. State*, 182 Ga. App. at 482).
*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 19, 1993 —
RECONSIDERATION DENIED NOVEMBER 23, 1993 —

*O. Hale Almand, Jr., Roy W. Griffis, Jr.,* for appellant.
*Joseph H. Briley, District Attorney*, for appellee.