*eral,* for appellee.

S94G0929. SCHUMAN v. THE STATE.
(448 SE2d 694)

HUNT, Chief Justice.

We granted certiorari to the Court of Appeals in *State v. Schuman*, 212 Ga. App. 231 (441 SE2d 466) (1994) to determine whether the Court of Appeals erred in reversing the trial court's pretrial dismissal of the indictment charging Schuman with theft by deception and theft by taking. We hold that the Court of Appeals did so err, and reverse and remand.

The Court of Appeals correctly noted that Schuman's motion to dismiss the indictment was a "speaking demurrer," which added facts not appearing on the face of the indictment. See Ga. Crim. Trial Practice (1993 ed.), § 14-20. Generally, such a demurrer presents no authority for quashing an indictment and is void. Id. As pointed out by the Court of Appeals, the trial court, in dismissing the indictment following argument and a summary of the evidence by both parties, converted the hearing on Schuman's motion to dismiss into what would be, in civil practice, a summary judgment hearing on stipulated facts. There is no authority for this procedure. *Jackson v. State*, 208 Ga. App. 391, 392 (1) (430 SE2d 781) (1993).

However, it is clear from the record that the state agreed to the procedure used by the trial court.[1] There is no statutory proscription against this procedure, and, under the circumstances, the trial court did not err in deciding Schuman's motion in the manner agreed to by the parties.[2] See *State v. Finkelstein*, 170 Ga. App. 608 (1) (317 SE2d 648) (1984). Accordingly, this appeal is remanded to the Court of Appeals to determine whether, under the facts stipulated by the parties, the trial court properly dismissed the indictment.

*Judgment reversed and case remanded. All the Justices concur, except Sears-Collins, J., who concurs in the judgment only.*

---

[1] While the state concedes that it agreed to submit the case to the trial court for the court to determine if the state would be able to meet its burden of proof, and agrees with Schuman that this is a valid procedure, the state contends it did not agree to submit the question of criminal intent to the trial court. However, the record shows that the state agreed to submit its entire case, including the question of intent, for the trial court to determine whether the underlying dispute should be resolved in a criminal or civil forum.

[2] To hold such a hearing by consent of the parties is within the trial court's discretion.

DECIDED OCTOBER 11, 1994.

*Michael K. McIntyre,* for appellant.

*J. Tom Morgan, District Attorney, Thomas S. Clegg, Assistant District Attorney, Garland, Samuel & Loeb, Donald F. Samuel,* for appellee.