## A93A2312. THE STATE v. SCHUMAN.
(457 SE2d 247)

McMURRAY, Presiding Judge.

Defendant Victor Schuman was charged via indictment with two counts of theft by taking. He was also charged with one count of theft by deception, in that he obtained more than $500 with the intent to deprive its owner of said property, by the deceitful means of "representing to Judith Rausher that he would provide her with a first mortgage on certain real property . . . in exchange for $300,000.00 which representation was false and which the accused knew or believed to be false." Defendant filed a pre-trial motion to dismiss the indictment, arguing that the prosecution was in truth an attempt by a "disgruntled business associate" to employ criminal process to collect a debt, in contravention to Art. I, Sec. I, Par. XXIII of the Ga. Const. of 1983. After a hearing, the trial court agreed with this interpretation of events and concluded there was "insufficient evidence of the Defendant's criminal intent." Consequently, the trial court ordered that the indictment be "dismissed with prejudice."

The State appealed and this court reversed, holding that the substance of defendant's motion to dismiss was that of a speaking demurrer which was not a proper procedural vehicle to authorize the trial court's dismissal of the indictment " 'with prejudice.' " *State v. Schuman,* 212 Ga. App. 231, 232 (1), 233 (441 SE2d 466). On certiorari, the Georgia Supreme Court agreed that a speaking demurrer generally "presents no authority for quashing an indictment and is void." *Schuman v. State,* 264 Ga. 526 (448 SE2d 694). Nevertheless, the Supreme Court held there was no procedural error in deciding defendant's motion after argument and a summary of the evidence by both parties, because the parties had consented to that procedure. Id. Accordingly, the Supreme Court reversed and remanded the case to the Court of Appeals of Georgia "to determine whether, under the

facts stipulated by the parties, the trial court properly dismissed the indictment." Id. *Held*:

In substance, this was a bench trial, i.e., the presentation of stipulated facts to the trial court for a determination of the State's "entire case, including the question of [criminal] intent[.]" *Schuman v. State*, 264 Ga. 526, n. 1, supra. In a bench trial, the court sits as the trier of fact and its findings shall not be set aside unless clearly erroneous. *Womack v. State*, 193 Ga. App. 186, 187 (387 SE2d 336), reversed on other grounds, *Womack v. State*, 260 Ga. 21 (389 SE2d 240). In the case sub judice, it was not error for the trial court to dismiss the indictment where it was shown to the satisfaction of the court that the "evidence [of criminal intent] would be insufficient as a matter of law to establish [that element] of the offense charged." *State v. Finkelstein*, 170 Ga. App. 608 (317 SE2d 648). This is exactly *as if* the trial court had entered a judgment of acquittal based upon the insufficiency of the evidence. Such a ruling is not ordinarily an appealable judgment within the purview of OCGA § 5-7-1. See *State v. Lawrence*, 208 Ga. App. 588 (431 SE2d 409).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 20, 1995.

*J. Tom Morgan, District Attorney, Thomas S. Clegg, Assistant District Attorney*, for appellant.
*Michael K. McIntyre*, for appellee.