S96A1635. THE STATE v. BRANNAN.
(477 SE2d 575)

SEARS, Justice.

In this case, we rule that the trial court unnecessarily found OCGA § 16-6-23 (prohibiting the publication of a rape victim's name or identity) to be unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article One of the Georgia Constitution, because appellant Mark Allan Brannan's ("Brannan") motion to dismiss the indictment against him could have been decided without reaching that constitutional question. Accordingly, we vacate the trial court's order and remand with direction.

In December 1995, a woman was abducted at gunpoint from an athletic track in Thomasville, Georgia, and taken to a remote location where she was raped. A police report stating the victim's name, age, and street address was placed on a "media board" at the Thomas

County Sheriff's Office, which is open for inspection by members of the news media.

Brannan, a reporter employed by a Thomasville radio station, is the independent operator of a service that provides written news reports to subscribers via computer e-mail and facsimile transmission. Brannan obtained information regarding the rape from the police media board, and published the victim's name, age, and street address as part of his subscription news service. The article published by Brannan did not state that the victim was raped; rather, it stated that she was "assaulted and robbed."

Upon learning of the publication of her identity, the victim applied for an arrest warrant against Brannan for violating OCGA § 16-6-23. Thereafter, the District Attorney brought criminal charges against Brannan for publishing the name of a rape victim in violation of that statute. Brannan moved to dismiss the indictment on grounds that § 16-6-23 violates the First and Fourteenth Amendments of the Constitution of the United States and Art. I, Sec. I, Par. V of the Georgia Constitution. On May 22, 1996, relying upon the opinion in *Florida Star v. B. J. F.*,[1] the trial court "reluctantly" ruled that § 16-6-23 is overbroad and thus facially unconstitutional, and dismissed the charges pending against Brannan. The State appeals from that ruling.

OCGA § 16-6-23 states that:

> It shall be unlawful for any news media or any other person to print and publish, broadcast, televise, or disseminate through any other medium of public dissemination or cause to be printed and published, broadcast, televised, or disseminated in any newspaper, magazine, periodical, or other publication published in this state or through any radio or television broadcast originating in the state the name or identity of any female who may have been raped or upon whom an assault with intent to commit the offense of rape may have been made.

The State argues on appeal that the trial court erred in ruling that § 16-6-23 is unconstitutionally overbroad because the statute promotes the recognized public policy of protecting the privacy rights of rape victims, and because in reaching its ruling, the trial court misinterpreted the United States Supreme Court's decision in *Florida Star*. Upon reviewing the record, however, we conclude that we need not address these arguments because the trial court needlessly reached the question of whether § 16-6-23 can withstand constitu-

---

[1] 491 U. S. 524 (109 SC 2603, 105 LE2d 443) (1989).

tional muster.

As made clear by the plain language of the statute set forth above, § 16-6-23 prohibits the dissemination of the identity of any female who may have been raped or upon whom an assault with intent to commit rape may have been made. The parties stipulated before the trial court, and our review of the record confirms, that although the report disseminated by Brannan did identify the woman by name, age, and address, it did not state that she may have been raped or subjected to an assault with the intent to commit rape. Rather, the report stated only that she had been "assaulted and robbed." Hence, there can be no dispute that the facts alleged in support of the charge against Brannan for violating OCGA § 16-6-23 were insufficient, and there was no need for the trial court to rule on the statute's constitutionality before dismissing the indictment.

Properly enacted statutes carry a presumption of constitutional validity,[2] and inquiry into the constitutionality of a statute generally should not be made by the trial courts if a decision on the merits can be reached without doing so.[3] In this case, the trial court should have granted Brannan's motion to dismiss on grounds that the facts alleged against him altogether failed to support the charge, thereby obviating the need to address the constitutionality of the statute.[4]

Accordingly, the trial court's order declaring OCGA § 16-6-23 unconstitutional is vacated, and the trial court is instructed to dismiss the indictment against Brannan for failure to state an offense.

*Judgment vacated and remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 12, 1996.

*H. Lamar Cole, District Attorney, Mark E. Mitchell, Assistant District Attorney,* for appellant.

---

[2] *Development Auth. of DeKalb County v. Beverly Enterprises,* 247 Ga. 64, 66 (274 SE2d 324) (1981).

[3] *Western &c. v. Gray,* 172 Ga. 286 (157 SE 482), appeal dismissed, 283 U. S. 811 (51 SC 654, 75 LE 1428) (1931).

[4] The record shows that prior to the hearing on the motion to dismiss, the parties stipulated in writing as to the contents of Brannan's publication, and at oral argument the State raised no objection when Brannan argued that those stipulated facts did not constitute an offense under § 16-6-23. Nor did the State object when Brannan repeated that same argument before this Court on appeal. Thus, we find that the parties consented to the trial court's determination of whether the facts stipulated to in this case were sufficient to support the charges alleged in the indictment, notwithstanding the general prohibition against "speaking demurrers" in criminal cases. *Schuman v. State,* 264 Ga. 526 (448 SE2d 694) (1994).

*Walter E. Van Heiningen,* for appellee.