A00A0982. EWELL v. THE STATE.
(538 SE2d 523)

RUFFIN, Judge.
Richard Ewell was cited for violating a Cherokee County ordinance by failing to provide adequate soil erosion control on a construction project. The county subsequently issued a formal accusation charging him with violating the ordinance. Ewell filed a motion to dismiss, arguing that he did not violate the ordinance because the county did not provide written notice and an opportunity to cure the violation. Following an evidentiary hearing, the trial court denied the motion to dismiss, holding that the ordinance did not necessarily require such notice. We granted Ewell's application for interlocutory review and reverse the trial court's ruling.

1. Initially, we note that Ewell's motion to dismiss did not attack the validity of the accusation, but essentially asserted that the county could not prove an element of the offense. Thus, Ewell treated the motion to dismiss as if it were a motion for summary judgment in a civil case.[1] While recognizing that "[t]here is no authority for this procedure" in a criminal case, the Supreme Court noted in *Schuman v. State* that "[t]here is no statutory proscription" against it, either, and that the parties could agree to such a procedure.[2] In *State v. Brannan*,[3] the State failed to object when Brannan's attorney argued

---

[4] See *White v. State*, 221 Ga. App. 860, 862 (2) (473 SE2d 539) (1996) (trial court's findings of fact on motion for new trial will be upheld unless clearly erroneous).
[1] See *Schuman v. State*, 264 Ga. 526 (448 SE2d 694) (1994); *Jackson v. State*, 208 Ga. App. 391, 392 (1) (430 SE2d 781) (1993); *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993).
[2] *Schuman*, supra.
[3] 267 Ga. 315, 317, n. 4 (477 SE2d 575) (1996).

at the motion to dismiss hearing that the stipulated facts did not constitute an offense, nor did it raise the issue on appeal. The Supreme Court thus held that "the parties consented to the trial court's determination of whether the facts stipulated to . . . were sufficient to support the charges alleged in the indictment."[4]

In this case, it is undisputed that no written notice or opportunity to cure was ever given, and it is clear that the parties agreed to allow the court to resolve the issue of whether Ewell could be convicted of violating the ordinance in the absence of such notice and opportunity to cure. Accordingly, we conclude that the parties consented to the use of such a procedure.

2. The accusation charged Ewell with "failure to maintain soil erosion control . . . by failing to trap sediment in run-off water until the disturbed area is stabilized, in violation of County Ordinance § 95-3(b)-9," the Cherokee County Soil Erosion & Sedimentation Control Ordinance. The ordinance provides that no person shall conduct a "land-disturbing activity" without obtaining a permit from the county engineer. The application for the permit must include a soil erosion and sedimentation plan which conforms to certain minimum requirements set forth in the ordinance. The requirement at issue in this case is set forth in section 3 (b) (9), which provides that "[t]o the extent necessary, sediment in run-off water must be trapped by the use of debris basins, sediment basins, silt traps, or similar measures until the disturbed area is stabilized."

Section 5 of the ordinance, entitled "Inspection and Enforcement," states that the county engineer will periodically inspect sites for which permits have been issued to determine if the approved plan is being followed and if the plan measures are effective in controlling erosion and sedimentation. The section then states that

> [i]f, through inspection, it is deemed that a person engaged in land-disturbing activities as defined herein has failed to comply with the approved plan, with permit conditions, or with the provisions of this ordinance, a written notice to comply shall be served upon that person. The notice shall set forth the measures necessary to achieve compliance and shall state the time within which such measures must be completed. If the person engaged in the land-disturbing activity fails to comply within the time specified, he shall be deemed in violation of this ordinance.

Section 6 (b) of the ordinance provides that, if work on a project is being done in a "dangerous or unsafe manner," a written order may

[4] Id.

be issued, requiring the person to stop work on the project immediately and stating the conditions upon which work may be resumed. This section states, however, that "[w]here an emergency exists, no written notice shall be required." Section 6 (c), entitled "Bond Forfeiture," essentially repeats the notice and opportunity to cure provisions set forth in section 5 and provides that, if a person fails to comply with the provisions of the notice, "he shall be deemed in violation of this ordinance and, in addition to other penalties, shall be deemed to have forfeited his performance bond." Section 6 (d) provides that "[a]ny person violating the provisions of this ordinance, permitting conditions, or stop-work order" shall be subject to a monetary penalty, imprisonment, or both.

The evidence, as developed at the hearing and set forth in Ewell's brief,[5] shows that Ewell was a job superintendent for Benning Construction Company, the general contractor for a Publix shopping center being built in Cherokee County. Benning had received a land disturbance permit from Cherokee County for the construction. On May 6, 1999, there was a heavy rainstorm at the construction site. Johnny Cantrell, a county inspector, testified that he inspected the site that day and saw soil and water "leaving the site through their driveway[,] . . . bypassing the silt fence . . . and getting into a little creek running right beside their property." Cantrell testified that he had previously orally suggested that Ewell put "berms" across the driveway to divert water into a catch basin, although he had not ordered Ewell to do so.

Because no one was on the job site, Cantrell called Ewell's office and got his phone number. However, he did not call Ewell because "it was way past quitting time." The next morning, Cantrell had Ewell cited for "failure to provide adequate soil erosion control." Cantrell testified that he did not believe he was required to give written notice "in an emergency situation."

As the trial court correctly stated at the hearing, "it is hard to understand [from reading the ordinance] how exactly this is supposed to operate in terms of enforcement." However, a criminal statute "must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted."[6] Section 5 of the ordinance clearly states that, if an inspection shows that a person has "failed to comply with the approved plan, with permit conditions, or with the provisions of this ordinance, a written notice to comply *shall* be served upon that person," and the

---

[5] Because the county did not file an appellate brief, we accept Ewell's statement of facts as prima facie true. See *Jones v. Cooke*, 169 Ga. App. 516 (1) (313 SE2d 773) (1984).

[6] (Punctuation omitted.) *Vines v. State*, 269 Ga. 438-439 (499 SE2d 630) (1998).

notice "*shall* set forth the measures necessary to achieve compliance and *shall* state the time within which such measures must be completed." The section then states that, "*[i]f* the person . . . fails to comply within the time specified, he shall be deemed in violation of this ordinance." The clear implication is that such person is *not* in violation of the ordinance, thus subjecting himself to fines and imprisonment, unless and until he has failed to comply with the terms set forth in the written notice. This implication is reinforced by section 6 (c), which essentially repeats the notice and opportunity to cure provisions set forth in section 5.

Nothing in the ordinance contains a general exception for "emergency situations." The only reference to an emergency is in section 6 (b), which allows the county to issue a stop work order without written notice if an emergency exists. Because Ewell is not charged with violating a stop work order, this provision is not applicable in this case. Accordingly, because it is undisputed that Ewell was not given notice and an opportunity to cure, the county cannot prove a material element of the offense, and the trial court erred in denying the motion to dismiss.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 21, 2000.

*Siegel & Golder, Mark L. Golder, Lynn L. Carroll*, for appellant.
*G. Channing Ruskell, Solicitor*, for appellee.