### A08A1721. THE STATE v. CAMPBELL.
(673 SE2d 336)

DOYLE, Judge.

The State appeals from the grant of a plea in bar to Jeffrey Douglas Campbell, who was indicted on two counts of felony theft by taking[1] in connection with allegations that he submitted false expense reports to his employer and wrongfully listed his wife as an employee. The State contends that the trial court erred in granting the plea in bar based on the applicable statute of limitation, arguing that the statute of limitation was tolled during the time the employer did not have actual knowledge of the crime. We agree and therefore reverse.

> The appellate standard of review for a plea in bar asserting a statute of limitation defense is a de novo review of the issue of laws. As this ruling involves a mixed question of fact and law, we accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts.[2]

The facts as found by the trial court show that Campbell was the general manager of an Atlanta-based flight services company which was purchased by a Dallas-based company (the "Employer"). In connection with coordinating the business practices of the merged companies, the Employer performed an audit in August 2002. In October 2002, based on apparent irregularities in Campbell's expense account and vendor invoice reimbursements, the audit was brought to the attention of the Employer's security officer, who allegedly investigated and confirmed the discrepancies and found wrongful payroll payments to Campbell's wife. In March 2003, the security officer brought the discrepancies (totaling $13,662.85) to the attention of the Clayton County District Attorney's office.

---

[1] OCGA §§ 16-8-2; 16-8-12 (a) (1).
[2] (Citation omitted.) *State v. Conzo,* 293 Ga. App. 72, 73 (666 SE2d 404) (2008).

On July 5, 2006, Campbell was indicted on two counts of felony theft by taking based on alleged expense account discrepancies and wrongful payments to his wife taking place between January 2000 and December 2002. Arguing that the indictment was barred by the four-year statute of limitation, Campbell successfully filed a plea in bar as to crimes allegedly committed prior to July 5, 2002.

Under OCGA § 17-3-1 (c), a prosecution for felony theft by taking must commence within four years after the commission of the crime. However, under OCGA § 17-3-2 (2), this statutory limit is tolled during any period in which "[t]he person committing the crime is unknown or the crime is unknown." The crime victim's knowledge of the crime is imputed to the State;[3] therefore, because the indictment was filed on July 5, 2006, the State had the burden to prove that the Employer's first knowledge of the alleged theft occurred in the four years prior, i.e., on or after July 5, 2002.[4]

The evidentiary hearing on Campbell's plea in bar consisted of testimony from the Employer's security officer (who testified that the August 2002 audit was the company's first knowledge of the alleged theft) and the district attorney's investigator (who provided inconclusive hearsay testimony as to what the security officer told him about the audit). The Employer's security officer testified that the fraudulent expense reports were filed between September 2001 and July 2002 and that the Employer first recognized the alleged theft in the August 2002 audit. Although the security officer acknowledged that, prior to August 2002, Campbell had submitted allegedly redundant expense reports to different accounting offices within the Dallas headquarters, there was no competent evidence showing that the Employer actually discovered the allegedly fraudulent expense reports until August 2002, when the audit was performed. Likewise, with respect to Campbell's allegedly wrongful addition of his wife to the payroll, there was no evidence that the Employer had prior knowledge that she was not properly employed.

Despite this testimony and despite the absence of competent evidence otherwise, the trial court found that the State failed to meet its burden to show that the Employer lacked knowledge of the alleged thefts until August 2002. As its rationale, the trial court relied on the State's failure to call Campbell's direct supervisor (located in a Pittsburgh office) to testify as to his possible knowledge of the alleged thefts. The trial court explained:

[3] See *Womack v. State*, 260 Ga. 21, 22 (3) (389 SE2d 240) (1990) ("the knowledge of the victim is the knowledge of the State, even though the victim does not represent the State in an official capacity") (punctuation omitted).

[4] See *Merritt v. State*, 254 Ga. App. 788, 789 (1) (a) (564 SE2d 3) (2002) (the State bears the burden of proof to show when the offender or offense became known).

> [I]t is unclear as to the extent of [the supervisor's] knowledge. It *appears* that [the alleged thefts] *could have* easily been noticed by anyone paying attention that the defendant was continuously "double billing" the company for the same expenses. Additionally, *it would seem* that [the supervisor] *would have* been charged with the responsibility to oversee the defendant's decision to hire an employee [i.e., Campbell's wife] as well as any work product produced by the [wife]."[5]

However, this speculation misconstrues the burden on the State. The tolling period is not extinguished when the injured party *should have known*; rather, it ends when the injured party has actual knowledge of the crime. In *Beasley v. State*,[6] this Court explained that under OCGA § 17-3-2 (2), "the statute of limitation does not run while [the crime or] the person who committed the crime is 'unknown' — it does not say 'and could not have been discovered through the exercise of reasonable diligence.' "[7] Notwithstanding the trial court's speculation that the alleged thefts "*could have* easily been noticed," that is not the applicable standard.[8]

We recognize that the determination of when the crime was discovered is a factual one,[9] but here we conclude that the trial court relied upon an incorrect legal standard in making this finding. As to the date of the Employer's actual knowledge, the security officer's testimony is the only competent evidence in the record, and he testified that the August 2002 audit was the Employer's first discovery of the alleged theft. Therefore, in the absence of any evidence that the Employer had actual knowledge of the alleged thefts earlier, we conclude that OCGA § 17-3-2 (2) operated to toll the statute of limitation until August 2002. Therefore, the trial court erred in granting the plea in bar, because the July 5, 2006 indictment came within four years after the Employer's initial knowledge of the alleged thefts.

---

[5] (Emphasis supplied.)

[6] *Beasley v. State*, 244 Ga. App. 836 (536 SE2d 825) (2000).

[7] Id. at 838.

[8] (Emphasis supplied.) Moreover, the trial court relied on *State v. Lowman*, 198 Ga. App. 8 (400 SE2d 373) (1990), for the proposition that the fact that the Employer "may not have known the full extent of [the defendant's] actions or that they were criminal acts does not affect the effect of the actual knowledge of [the defendant's] conduct. . . ." However, that case is inapposite here, because in *Lowman* the victim *admitted* that, prior to the four year time frame, "he knew that [the defendant] had misused in some way" the victim's money. Id. at 10.

[9] See *Merritt*, 254 Ga. App. at 789 (1) (a).

The State's remaining enumeration is moot. Campbell's motion to dismiss the appeal is denied.

*Judgment reversed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 9, 2009 ▮

*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellant.

*Woodrow S. Smith, Daniel F. Farnsworth*, for appellee.